### H. P. WYNNE v. THE STATE.

#### No. 2053. Decided February 14, 1900.

**1. Sending Threatening Letter to Extort Money—Information.**

It is absurd to contend that a threatening letter to extort money, which is the basis for an information for the offense of sending such letter should contain all the statutory elements of the offense the sender proposes to charge against the person to whom it is sent. If from a reading of the letter it is clearly manifest the writer intended to extort money on a proposed prosecution, the information sufficiently shows the offense, notwithstanding there is no direct statement in the letter of an intention to prosecute unless the money is forthcoming.

**2. Same.**

On a prosecution for sending a threatening letter to extort money, if such intent of the letter is clear and unambiguous from its reading, it is matter of indifference as to how such letter is worded.

**3. Agreement as to Evidence and Venue.**

On a prosecution for sending a threatening letter to extort money, an agreement in the statement of facts that defendant wrote the letter in the county of the prosecution sufficiently shows the venue, and where the other evidence shows that it was received through the mail by the party to whom it was sent on the same day it was written, this is sufficient to establish that defendant sent it, in the absence of proof to the contrary.

**4. Letter as Evidence—Bill of Exceptions—Practice on Appeal.**

The court on appeal will not review the question of the admission of a letter in evidence where no bill of exceptions was reserved to its admission.

**5. Venue—Presumption of Proof of—Practice on Appeal.**

Article 904, Code of Criminal Procedure, provides that the court on appeal shall presume that the venue was proved in the court below, unless such matter was made an issue in the court below.

APPEAL from the County Court of Anderson. Tried below before Hon. G. W. HUDSON, County Judge.

Appeal from a conviction for sending a threatening letter to extort money; penalty, a fine of $100.

The opinion states the case.

*Gardner & Gardner,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of. sending a threatening letter to extort money, and his punishment assessed at a fine of $100.

Appellant contends that the complaint and information are not sufficient: (1) Because they do not charge any offense; (2) the letter set out does not contain any threat to accuse said Davidson of a criminal offense; (3) they fail to set out the offense, if any, accusation of which was so threatened in said letter; (4) and there is no such offense known to the law as unlawfully selling intoxicating liquor to a minor. The letter upon which this prosecution is based is as follows:

"Palestine, Texas, Dec. 18, 1898.
"Mr. Leon Davidson—Dear Sir:

"It is my duty to inform you that I am a minor, and I have bought licker of all kinds from your bartender, and I have been before the Grand Jury too times about it. I have told you about selling your Lick to Dick Wynne and myself. I told Julius Goldberg that I was not but 19 years old & yet he would sell me Licker any time I wanted it. Mr Davidson I know of more than ten times that you have sold Licker to boys that was not of age. Know you can do as you please give me $25.00 to leave this part of the country if you want to. If you want me to leave this part of Texas you had better do as I said for you to do. It will save you as much as $1000, by doing as I say. Rite as soon as you get it. I cant lye for you or anybody else. Remain Yours

"H. P. Wynne."

It is insisted, as above stated, that this letter does not contain any threat to accuse Davidson of any criminal offense, and that the same failed to set out the offense. An inspection of the letter shows very clearly that appellant was attempting to extort money from the prosecuting witness, Leon Davidson, by threatening to accuse him before the grand jury, and continue his accusation by testifying in the courts, for violating the law in selling intoxicating liquors to a minor. In the letter is this very explicit statement as to the result of prosecuting witness' failure to comply with appellant's request for $25, to wit: "If you want me to leave this part of Texas you had better do as I said for you to do. It will save you as much as $1000, by doing as I say. Rite as soon as you get it. I cant lye for you or anybody else." Now, no rational interpretation can be put on this statement, save and except that appellant intended to prosecute Leon Davidson if he did not pay the $25. It is absurd to contend that the threatening lettter to extort money must contain all the statutory elements of the offense with which the party expects to charge the person to whom the letter is sent, and it is furthermore unreasonable to say that such letter should be written with a direct statement that he intended to prosecute him unless the money was forthcoming. We understand the law to be: If from the reading of the letter it is manifest, in a clear and unambiguous manner, that the writer of the letter intended to extort money on a proposed prosecution, it is a matter of indifference as to how the letter is worded. Appellant's contention that it does not state the offense, if correct, would lead to a very remarkable state of affairs, so far as the enforcement of this particular statute is concerned. In order to write a letter and extort money, under appellant's contention, the writer would have to know the technical law with reference to the offense with which he accuses the person to whom he sends the letter, or with which he threatens to accuse him. If the party writing the letter has knowledge of the technical law with reference to the offense with which he proposes to accuse the receiver, then this selfsame knowledge

would prevent him from using the same, because he would immediately know that by so doing he would be violating the law. In other words, if the sender of the letter knows how to state the technical offense, or, rather, the technical phrases in which an offense must be expressed before he can be prosecuted for sending a threatening letter to extort money, then he would not state the technical phrases in the letter. On the other hand, if he is not versed in the technical knowledge of the law with reference to the offense of which he proposes to accuse the party, to say that his ignorance of this technical knowledge should be a defense against his mendacity and effort to extort money would be defeating the very object, purpose, and intent of the statute under consideration. We think that the indictment is amply sufficient to set forth the offense with which appellant is charged; that it does so in as explicit terms as can be made, and the whole text of the letter is such as indicates, to every reasonable intendment, that the party writing the letter intended it as a threatening letter to extort money; and this is a violation of the statute, regardless of whether he has expressed it directly or indirectly, or whether logically or illogically. Article 25, Code of Criminal Procedure, reads, "The provisions of this Code shall be liberally construed so as to attain the objects intended by the Legislature,—the prevention, suppression, and punishment of crime." Such construction should be given to the different articles of the Code as accords with its general object and purpose, and which will give full effect to all its provisions, general as well as special. Cockrum v. State, 24 Texas, 394. To give the construction to the indictment and letter contended by appellant would certainly defeat the provisions of the beneficent provision of the Code above quoted, and instead of being a construction to prevent, suppress, and punish crime, would be a gateway out of which extortioners could walk without molestation.

Appellant contends there is no evidence showing that appellant sent the letter to Leon Davidson, and that the venue of the offense is not proven, and, furthermore, that there is a variance between the letter set out in the information and the one in evidence. An inspection of the statement of facts shows that the State introduced an agreement to the effect that it was admitted "that defendant wrote, in Anderson County, Texas, the letter, as follows," and then follows the letter as set out in the information. Leon Davidson testified that he received through the postoffice at Palestine on or about December 18, 1898, the letter as contained in the information. We think that this statement clearly shows that appellant sent the letter, and that it was done in Anderson County. Nor do we think that there is any variance between the letter set out in the information and the one in the statement of facts. Furthermore, there is no bill of exceptions reserved to the admission of the letter, and we could not review this matter for that reason. Article 904, Code of Criminal Procedure (Acts 1897, page 11) provides that we shall presume that the venue was proved in the court

below unless such matter is made an issue in the court below. There is nothing in the record indicating that this was done. Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]