BLAKE BRANTLY v. THE STATE.

No. 2213. Decided November 28, 1900.

1. Witness—Cumulative Testimony—Practice.

Where defendant sought to introduce a witness to prove, as he admitted, substantially the same facts which had been proven by six other witnesses whom he had examined, it was not error for the court to exclude the witness upon the ground that his testimony would be but cumulative of facts which were uncontroverted.

2. Same—Remarks by Court.

Where the court, in excluding the witness, as shown in the foregoing paragraph, stated, in the presence of the jury, that the proffered testimony was simply cumulative, and would be consuming the time of the court unnecessarily, such remarks did not constitute reversible error, the rights of defendant not appearing to have been injured thereby.

3. Illegal Argument—Reply to Defendant's Counsel.

Where counsel for defendant has gone out of the record and discussed matters dehors the record, it is legitimate for the county attorney to answer such argument. But such conduct is intensely reprehensible on the part of counsel for both parties.

4. Local Option Election—Petition for in Precinct Containing an Incorporated Town.

Where the local option election is held in a precinct containing an incorporated town, it is not necessary that the petition be signed by one-tenth of the voters residing within the corporation of the town or city, but it is only requisite that the signers reside in the precinct in which the town or city is located. Following Ex Parte Perkins, 34 Texas Crim. Rep., 429.

**5. Venue—Proof of—Practice on Appeal.**

On appeal, it will be presumed, in the absence of a bill of exceptions raising the issue, that the venue was proved on the trial in the court below.

Appeal from the County Court of Lamar. Tried below before Hon. William Hodges, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The case is sufficiently stated in the opinion.

*Hill & Moore,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail. In the statement of facts appellant agrees that the order for the local option election for precinct number 1 had been legally made; that the election thereunder was properly held; and that the commissioners court counted the result legally, and duly declared the same, and the same was published according to law four consecutive weeks. Bill of exceptions number 1 presents the following: Appellant had introduced six witnesses, each of whom testified that, on the night the prosecuting witness claimed he bought the intoxicating liquors from appellant, said witnesses purchased cider from appellant out of a barrel located in a particular place in appellant's confectionery store. They further testified that said cider was not intoxicating, and also to the good reputation of appellant in the neighborhood. Thereupon appellant offered to prove by William Smith the same facts. The trial court refused to admit this testimony on the ground that the matter was simply cumulative of the testimony of the six other witnesses. Appellant insisted upon the introduction of said witness, and stated his testimony would be substantially the same as the other six witnesses. The court stated, in the presence of the jury, that the testimony of this witness was uncontroverted, and was simply cumulative of what the other six had testified, and was consuming the time of the court unnecessarily. Under these circumstances we do not think the court erred in refusing to permit the witness Smith to so testify, for he would simply have testified to purely cumulative facts, which were uncontroverted. Nor do we think the remarks of the court, as indicated in the bill, that the testimony of said witness is uncontroverted, injured the rights of appellant; and, not appearing to have done so, we will not reverse on this account. Morrison v. State, 37 Texas Crim. Rep., 601; Levy v. State, 28 Texas Crim. App., 203; Stayton v. State, 32 Texas Crim. Rep., 33.

Bill number 2 complains of the remarks of the county attorney in his closing argument for the State, in which he stated appellant had been once tried for the offense then on trial, and the jury stood five for

conviction and one for acquittal. The exact language used by the county attorney is: "Since Moore [meaning one of appellant's counsel] has gone out of the record to tell you that defendant has been tried and acquitted for the sale made on Saturday night, as testified to by witnesses, I will slip out of the record to tell you that upon a former trial of this case, after a hard-fought contest, five men who sat as jurors in the trial of this case at the time said that the defendant was guilty, and one man alone hung the jury." The court appends this explanation to the bill: "While defendant was testifying in his own behalf, his counsel asked him if he had not been tried in another case for violating the local option law about the same time, in which the same witnesses testified for the State, and been acquitted. The county attorney objected to the testimony as irrelevant. The court sustained the objection, but not before defendant had replied he had been acquitted. But defendant's counsel did not understand the ruling of the court at the time. Defendant's counsel Moore, in his argument to the jury, told them that another jury had tried defendant with the same witnesses, and upon about the same state of facts as was presented, and adjudged him not guilty. In referring to this portion of Mr. Moore's argument, the county attorney used substantially the language complained of, and to which defendant excepted. The court immediately told the jury not to consider anything the county attorney might have said about a former trial of this case, or what Mr. Moore had said about the result of another case against the defendant; that both attorneys had gone out of the record, and they should not consider what either of them had said about former trials of this or other cases against defendant. Defendant submitted no charge requesting the court to exclude the remarks of the county attorney, but the court excluded them of his own motion," etc. Article 823, Code of Criminal Procedure, reads: "The effect of a new trial is to place the case in the same position in which it was before any trial had taken place. A former conviction shall be regarded as no presumption of guilt; nor shall it be alluded to in the argument." From this article it will be seen that the language complained of does not come within the letter or spirit of this statute. Yet it is such character of argument as should not, under any conditions, be indulged in by district and county attorneys. There should be no effort made on their part to evade this statute, or to lug in during the trial of parties charged with crime previous trials or proceedings in former trials, unless the same is absolutely necessary to a fair and impartial trial of the case as then being presented. We held in Campbell v. State, 35 Texas Criminal Reports, 160, that language similar to that used in the bill of exceptions under consideration was not reversible error. In that case defendant's counsel alluded to and commented upon the length of time and manner in which defendant had been prosecuted, and that he had successfully resisted all attacks made against him for six long years, and the district attorney, in his closing argument, after repeating what counsel

for defendant had said, stated, in effect, that during the six long years, and all the trials had, no jury had ever turned defendant loose. We there held such reply was pertinent and explanatory as to the charge made by counsel for appellant as to former trials, and was, therefore, not erroneous. So we hold in this case that counsel for appellant having gone out of the record, as indicated by the court in the explanation to the bill of exceptions, and discussed matters dehors the record, it was legitimate for the county attorney to answer same in the manner he did. But we wish to emphasize the statement made that such conduct is intensely reprehensible on the part of counsel for both parties. Appellant should be tried upon the evidence adduced upon the trial of the case, and not upon what ought to have been done or was done with the trials of other cases; and we insist that district and county attorneys should not be provoked into arguments and comments that violate either the letter or spirit of the statutes intended as safeguards of the citizens of this State. Defendant is entitled to a fair and impartial trial by a jury of his peers; and district and county attorneys, of all men, should see that these constitutional barriers are not thrown aside by the zeal of counsel either for the State or by themselves. Ray v. State, 35 Texas Crim. Rep., 354; Horton v. State (Texas Crim. App.), 24 S. W. Rep., 28.

Bill number 3 complains that the court permitted the introduction of the order of the Commissioners Court of Lamar County ordering the election, because the petition upon which said order was based does not show that one-tenth of the qualified voters of Blossom Prairie, said Blossom Prairie being an incorporated town, signed said petition, as required by law. This exact question has been decided against appellant's contention. In Ex Parte Perkins, 34 Texas Criminal Reports, 429, we decided that, where the local option election is held in a precinct containing an incorporated town, it is not necessary that one-tenth of the voters who signed the petition should reside within the corporation of said city, but it is only requisite that they reside within the voting precinct in which the city is located.

Appellant insists that the record does not show the offense was committed subsequent to the passage of the local option law. We do not agree with this contention of appellant. An inspection of the evidence before us shows clearly that the local option law was in force prior to the commission of the offense. He also insists that the venue is not proved. This will be presumed in the absence of a bill of exceptions. Furthermore, the record shows that the venue was proved. Bowman v. State, 38 Texas Crim. Rep., 14. We think the evidence is sufficient, and the judgment is affirmed.

*Affirmed.*