## Pony Scott v. The State.

### No. 2077. Decided April 10, 1901.

**1. Venue of prosecution.**

The question of proof of venue of the prosecution can only be raised by a bill of exceptions properly signed and allowed by the judge, or proven up by bystanders, and incorporated in the transcript. It can not be raised on motion for new trial and by affidavits appended.

**2. Aggravated Assault—Deadly Weapon.**

On a trial for aggravated assault, where it appeared that the assault was made with a razor; that but one stroke was made, but that was aimed at a vital organ—gashed the throat and penetrated to the bone of the jaw; Held, from the manner of its use, and considering the wound inflicted, it was made sufficiently to appear that the weapon was a deadly one and likely to take life or inflict serious bodily injury.

Appeal from the County Court of McLennan. Tried below before Hon. J. N. Gallagher, County Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

Appellant was charged by information with an aggravated assault upon Ernest Alexander by cutting him with a razor. a deadly weapon.

No statement necessary.

No briefs for either party found with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25, and prosecutes this appeal.

There are two questions presented for our consideration. Appellant, in his motion for new trial, and by affidavits appended thereto, raises the question of venue, that is, he adopts this mode of insisting that the venue was not proven in the court below. Under article 904, as amended by the Twenty-fifth Legislature (see Acts, 1897, page 11), it is provided that the failure to prove venue in the trial court can only be raised by a bill of exceptions properly signed and allowed by

the judge or proven up by bystanders, as is now provided by law, and incorporated in the transcript as required by law. This mode of procedure was not pursued by appellant and consequently we can not consider the matter as presented in the motion for new trial.

Appellant also insists, that the evidence does not sustain the verdict, in that the record affords no proof that the razor with which the assault is alleged to have been committed was a deadly weapon. The only proof on this subject is to the effect that in the difficulty appellant used a razor, and that he cut the prosecutor on the neck and jaw; the wound on the jaw penetrating to the bone. What is a deadly weapon has been much discussed by this court. Hunt v. State, 6 Texas Crim. App., 663; Key v. State, 12 Texas Crim. App., 505; Melton v. State, 30 Texas Crim. App., 273; Jenkins v. State, 30 Texas Crim. App., 379; Wilson v. State, 34 Texas Crim. Rep., 64; Walters v. State, 35 S. W. Rep., 652. We gather from these decisions that a deadly weapon is one which, from its character and the manner of its use, is likely to produce death or great bodily injury. The weapon here is not further described than that it was a razor (which is a sharp instrument or tool used for shaving purposes), such a weapon as is capable, when used for that purpose, of cutting or severing some vital organ of the human anatomy, and thus to produce death or serious bodily injury. In determining the character of weapon, as to whether it is deadly or not, we are not confined to its character alone, but can look to the manner of its use to ascertain whether or not it is deadly. In Wilson's case, supra, we held, that a knife, which was designated as a penknife, and where the depth of the wound was not indicated, the only evidence on this point was that two or three wounds in the back were not serious—that the proof was not sufficient to authorize the jury to say that the weapon was deadly. In Walter's case, supra, there was no proof of the character of the knife, further than it was a pocket-knife, but, looking to the grievous character of the wounds, and where they were inflicted, it was held the proof was sufficient to show the weapon was a deadly one. In this case the evidence shows only one stroke with the razor. That was evidently aimed at a vital organ, as it gashed the throat and penetrated to the bone of the jaw. Appellant says he used the razor because he was not able physically to cope with the prosecutor. From such use of the razor as is here indicated, and considering the wound as inflicted, we believe that the weapon was a deadly one and calculated to take life or inflict serious bodily injury. The judgment is accordingly affirmed.

*Affirmed.*