## W. H. Lankster v. The State.

### No. 2371.   Decided November 20, 1901.

**Jury Law—Misconduct—Discussing Previous Convictions.**

On a trial for murder in which there had been two previous trials and convictions, where the jury in their retirement, after agreeing upon a verdict of guilty, but before assessing the punishment discussed the previous convictions and punishment; Held, the jury were guilty of misconduct, and the bare fact that this misconduct was of a character calculated to injuriously affect defendant constitutes reversible error.

Appeal from the District Court of Anderson.   Tried below before Hon. John Y. Gooch.

Appeal from a conviction of murder of the second degree; penalty, seven years imprisonment in the penitentiary.

This is the third appeal in this case.   See Lankster v. State, 41 Texas Criminal Reports, 603, and Lankster v. State, 42 Texas Criminal Reports, 360.   A reference to those cases will show the facts of the case.

No statement necessary in this case.

*Moore & Newman, William Watson, C. M. Kay, A. G. Greenwood,* and *Adams & Adams,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at seven years confinement in the penitentiary; hence this appeal.

This is the third appeal from a conviction of murder in the second degree, but, in the view we take of it, the case will again have to be reversed.   We find no error in the action of the court overruling the motion for continuance, nor in the charge of the court.   However, we would suggest that on a future trial it might be well to give a general charge on the subject of manslaughter.   It appears from the bill of exceptions that after the jury had retired and had agreed on the verdict of guilty against defendant, before they had decided on the punishment to be assessed, one of the jurors mentioned the fact in the presence of

the jury that appellant had been tried twice before, and the first jury gave him twenty-five years and the second fifteen years in the penitentiary. Another juror disputed the number of years in the last verdict, stating it was only ten which the jury gave. It further appears that other jurors stated the jury had nothing to do with prior convictions, and the foreman of the jury also stated this, which was assented to by all the jury, and the matter was not further mentioned. It is further made to appear by the affidavit of one juror that what was said did not in anywise influence him in arriving at his verdict, and it is agreed that all the other jurors would make the same statement. The question thus presents itself: Was this such misconduct on the part of the jury as to require a reversal of this case? We are aware there are some cases wherein we have stated that the mere allusion to the failure of defendant to testify is not a ground for reversal. But in those cases it will be found that State's counsel was provoked in what he stated by remarks of defendant's counsel. Campbell v. State, 35 Texas Crim. Rep., 161; Brantley v. State, 42 Texas Crim. Rep., 293. In Morrison's case, 39 Texas Criminal Reports, 519, which has been referred to, we do not understand that any question as to the misconduct of the jury was before the court. The case was reversed on other grounds, and it was held in that case that the affidavit seeking to impeach the verdict of the jury for misconduct was too general. Here the bill shows with certainty that while the jurors had agreed appellant was guilty (doubtless of murder in the second degree, though this is not stated), they had not, at the time, agreed on the term of punishment which they would assess against appellant. Evidently, this agreement as to time was reached subsequent to the discussion of the two former verdicts in the jury room. If the verdict had been for five years,—the lowest term of punishment,— we might be able to say that no prejudice had resulted to defendant. But here the verdict is seven years. However, the jury say that this discussion in nowise influenced them in arriving at their verdict. The affidavits of jurors who are guilty of misconduct to the effect that they were not prejudiced by what they did is of little weight. As was said in Mitchell's case, 36 Texas Criminal Reports, 318: "Such an affidavit is to be expected from jurors seeking to justify themselves for their own misconduct, and to escape a responsiblity imposed upon them by their oaths, which an admission that they were otherwise influenced would entail." See Hardiman v. State (Texas Crim. App.), 53 S. W. Rep., 121. The misconduct here stated was the mention and discussion in the jury room of the two former convictions of appellant by juries in the case then on trial. Article 823, Code of Criminal Procedure, directly inhibits any allusion to a former conviction in the argument of the case by counsel in the presence of the jury. Here the allusion was not in argument, but in the consideration of the case by the jury on their retirement. The former convictions were alluded to and discussed. Obviously, as men generally act from motive, this matter was discussed by some one for a purpose; and the suggestion that former juries had

not only found appellant guilty, but had fixed a heavy punishment to his offense, would have more or less moral weight with the jury. It was calculated to strengthen the weak-kneed, and to increase the ardor of those who were already in favor of the greatest number of years. But we do not believe, in a matter of this sort, we are authorized to speculate as to possible injury that may have accrued to appellant. The jury were guilty of misconduct in referring to the former convictions, and the bare fact that this misconduct was of a character calculated to injuriously affect him is enough. Under the facts here stated in the bill, the court should have promptly granted a new trial, and should then have set on foot an investigation and have meted out to those jurors guilty of misconduct a proper punishment. As the matter is presented to us, the record shows a plain violation of our statutes on the subject, which was made to secure a defendant a fair and impartial trial by jury, and no recourse is left us except to reverse the case and send it back that it may be tried under the rules of law by a fair and impartial jury. Mitchell v. State, 36 Texas Crim. Rep., 278; Terry v. State (Texas Crim. App.), 38 S. W. Rep., 186; Darter v. State, 39 Texas Crim. Rep., 47; Gann v. State, 42 Texas Crim. Rep., 133; Ysaguirre v. State, 42 Texas Crim. Rep., 253, 1 Texas Ct. Rep., 97; Blocker v. State, 2 Texas Ct. Rep., 69.

Because of the misconduct of the jury in discussing former verdicts in the jury room, and before they had decided on the punishment to be assessed against appellant, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*