### WEST TUNE v. THE STATE.

#### No. 3392. Decided March 7, 1906.

**1.—Murder in the First Degree—Accessory—Dismissal of Count in Indictment.**

Where the indictment charged the defendant with the offense of murder in one count, upon which he was tried, and in another count he was charged as an accessory to the murder, there was no error in the court's action in dismissing the latter count, although no written reasons for such dismissal by the county attorney were filed; besides the bill of exceptions did not show that they were not filed.

**2.—Same—Continuance—Motion for New Trial—Affidavit.**

Where the application for continuance was based upon the absence of testimony by which appellant expected to prove that the absent witness had had carnal intercourse with the accomplice, and was the father of her child which defendant is alleged to have killed, and the affidavit of said absent witness was attached to the motion for new trial showing that said witness never had had carnal knowledge with said accomplice, there was no merit in the motion for continuance.

**3.—Same—Charge of Court—Weight of Evidence.**

Where the indictment alleged various modes and methods by which the death of the infant was accomplished, and one was that defendant struck the infant with his fist, the defendant could not complain that the court limited the consideration of the jury to that method.

**4.—Same—Principal—Presence of Defendant at Time of Homicide.**

Where upon trial for murder the evidence showed that the defendant was present at the birth of the child alleged to have been killed, and that he subsequently destroyed it, there was no error in the charge of the court that if the jury believed from the evidence beyond a reasonable doubt that some person unlawfully killed the infant child on or about the time alleged in the indictment; yet if they had reasonable doubt from the evidence, or want of it, whether the defendant was present at the time and place where said offense was committed, if it was, etc., to acquit the defendant.

**5.—Argument of Counsel.**

Where upon trial for murder the evidence showed that the defendant was the father of the illegitimate child alleged to have been killed, there was no error to permit the county attorney in the presence of the jury to state that the evidence

showed that defendant had debauched the mother of said child and made her a household drudge.

**6.—Same—Evidence—Expert Opinion.**

Where upon trial for murder a State's witness, being a physician, had qualified himself as an expert, there was no error in admitting his opinion as to what kind of instrument would procure the character of injuries found upon the head of the deceased child.

**7.—Same—Bill of Exceptions—Answer of Witness.**

Where upon trial for murder the defendant's counsel on cross-examination asked the mother of the child alleged to have been killed whether if she had had intercourse with other men than defendant that she would admit it, to which question the State objected, and the court sustained the objection, and the bill of exceptions did not state what the witness would have answered, the question cannot be reviewed on appeal.

**8.—Same—Circumstantial Evidence.**

Where upon the trial for murder the evidence was positive that defendant had crushed the head of the child alleged to have been killed, there was no error in not submitting a charge on circumstantial evidence.

**9.—Same—Refused Charge—Infanticide—Actual Birth—Existence.**

Upon a trial for murder where the evidence showed the complete birth of the child alleged to have been killed, and its death at the hands of defendant, the issue of the existence of the child by actual and complete birth was not in the case, and no charge thereon was called for.

**10.—Charge of Court—Murder in Second Degree.**

Upon a trial for murder where the evidence clearly establishes a premeditated and formed design on the part of defendant to destroy the life of the child killed, and there is no circumstance suggesting the issue of murder in the second degree, there was no error in not charging on that phase of the case.

**11.—Case Stated—Sufficiency of Evidence.**

See the opinion of the court for evidence supporting the finding of the jury in convicting the defendant for murder in the first degree.

Appeal from the District Court of Ellis. Tried below before the Hon. J. E. Dillard.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*J. T. Spencer* and *T. P. Whipple,* for appellant.

*Howard Martin,* Assistant Attorney-General for the State.

BROOKS, Judge.—Appellant was convicted of murdering the infant child of Bertie Jones, and his punishment fixed at confinement in the penitentiary for life.

The first error assigned complains that the county attorney was permitted by the court to dismiss the first count in the indictment charging defendant as accessory to murder, without filing his written reasons therefor. The bill presenting this matter does not state as a fact that no written reason was filed, but appellant's bill merely shows that he objected to the dismissal, because the written reasons were not filed as required by law. We know of no law that· would

prevent the court dismissing a count in the indictment because the written reasons were not filed. There is a count upon which the defendant was convicted, charging him with the offense of murder, and upon this count appellant was tried. There was no error in the action of the court.

Appellant further complains that the court erred in overruling his application for continuance for want of the testimony of J. W. Bailey, by whom appellant expected to prove that Bailey had had carnal intercourse with the accomplice, Bertie Jones, and was the father of her child, which defendant is alleged to have killed. Attached to the motion for new trial is the affidavit of the absent witness, Bailey, swearing positively that he had never had any carnal knowledge of Bertie Jones. As we take it this disposes of appellant's motion for continuance.

The third error assigned is, that the court erred in the eleventh paragraph of the court's charge, as follows: "Now, if you believe from the evidence beyond a reasonable doubt that the defendant, West Tune, did, as charged in the indictment, with express malice aforethought, with his fist, it being an instrument well calculated and likely to produce death, by the manner in which it was used, with a sedate and deliberate mind and formed design to kill, did unlawfully strike with his fist the infant child of Bertie Jones, and thereby kill said infant child, you will find him guilty of murder in the first degree," etc. The objection to the charge seems to be that it was on the weight of the evidence in assuming a fact as proved against defendant. We do not think the charge is incorrect. There are various modes and methods alleged in the indictment by which the death of the infant was accomplished; one was that appellant struck the infant with his fist. Appellant cannot complain that the court limited the consideration of the jury to one method charged in the indictment.

The fourth error assigned, complains of the following portion of the court's charge: "The jury are further instructed that if they believe from the evidence beyond a reasonable doubt that some person unlawfully killed the infant child of Bertie Jones, on or about the time alleged in the indictment; yet, if the jury have a reasonable doubt, arising from the evidence, or from the want of evidence whether the defendant was present at the time and place where said offense was committed (if it was), then it would be the duty of the jury to give the defendant the benefit of such reasonable doubt (if any) and acquit him." The objection to this charge is, that it is upon the weight of the evidence, and inferentially assumes that defendant did the killing. After a careful scrutiny of the charge, we do not think appellant's objetcions are well taken.

The sixth error complains that the assistant county attorney, in the presence of the jury, stated that the evidence showed that defendant had debauched the said Bertie Jones, and made her a household drudge.

We do not think there was any error in this, since the facts were clearly a proper predicate for such an inference.

The seventh assignment of error complains of the questions asked Dr. Simpson by the State, as follows: "If he knew what killed said infant, and witness stated that he did not. Then the county attorney (over the objection of defendant) asked witness, if the wound on the child's head could have been made with a man's fist? To which he answered that it could. Then State's counsel asked, if said wound could have been made with a blunt instrument, to which he replied that it could." Appellant objected to said questions on the ground that the same were leading, irrelevant and inadmissible and merely the opinion of witness. This witness having qualified himself as an expert, he had a right, under the decisions of this court, to tell the jury what kind of instrument would produce the character of injuries found upon the head of the deceased child.

While witness, Bertie Jones, was being cross-examined by the defendant's attorney, and she had stated in her testimony, that defendant was the father of her child; and after the State had asked her the question whether or not she had intercourse with any other man than West Tune, to which she replied that she had not, appellant's counsel inquired of witness if she had not had intercourse with J. W. Bailey, at W. H. Bailey's, and Mr. Sliger's residence, while she was picking cotton there; and she replied that she had not. Defendant's attorney then asked her if she had not stated to Mr. Tom Spencer, while she was in jail, that she and J. W. Bailey had had intercourse with each other in December, 1904, and that he was the father of her child. Witness admitted that she told Mr. Spencer that the above facts were true, but they were untrue, and appellant had told her to tell that story. Thereupon appellant's counsel propounded the following question to witness: "Bertie, if you had had intercourse with J. W. Bailey or any other man, is it not a fact that you would deny it in the presence of this jury? She answered, 'I never had anything to do with them.' Then defendant asked, 'But if you ever had, would you admit it?'" The State objected to the question, and the court sustained the objection. The bill is defective, in not stating what the witness would have answered. In the absence of this information we cannot say whether or not there was any error in the ruling of the court.

Appellant insists that the court erred in failing to charge the jury upon circumstantial evidence. This is not a case of circumstantial evidence. The accomplice, Bertie Jones, testified positively to the fact that appellant crushed the child's head with his fist.

The tenth error complains that the court erred in refusing to charge the jury in substance that the person upon whom the homicide is alleged to have been committed must be in existence by actual and complete birth. This issue is not in this case. Bertie Jones testified to the complete birth of the child, and its death at the hands of appellant. The evidence clearly corroborates her statement. The physician

testified that the child must have breathed, according to the medical tests he applied, and could not have been still-born; thus corroborating Bertie Jones upon this issue. There is no evidence in the record indicating the converse upon which to predicate a charge.

The charge of the court on accomplice testimony is correct. Nor was there any error in refusing appellant's charge.

The tenth error complains that the court erred in refusing to charge on murder in the second degree. The evidence clearly establishes a premeditated and formed design on the part of appellant to destroy the life of the child killed, and there is no circumstance suggesting the issue of murder in the second degree.

The facts show that appellant was present at the birth of the child; that he subsequently destroyed it on a branch, near his home, where Bertie Jones, his sister-in-law, lived with him; that he was seen with a grubbing hoe, going in the general direction of where the child was born upon the branch, after having taken Bertie Jones, in an unconscious condition, back to the house. The record shows that a hole was dug in the side of the creek-bank, with a grubbing hoe, and the apron of the mother wrapped around the little child's body, and placed in said hole, where it was subsequently discovered by other State witnesses. It was a well matured child, and the evidences of violence upon its person were apparent in the crushing of its skull. Appellant made various criminative declarations corroborative of Bertie Jones's testimony, and sent her away to another State, where she was arrested, and brought back to Texas. Many other circumstances in the record, too numerous here to mention, with those already stated, show a perfect corroboration of the accomplice. The charge of the court is correct, and the evidence supports the finding of the jury. The judgment is affirmed.

*Affirmed.*