## WYATT HANKS v. THE STATE.

### No. 4396. Decided March 3, 1909.

**1.—Receiving Stolen Property—Accomplice—Circumstantial Evidence—Charge of Court.**

Upon trial of receiving stolen property where the accomplice testified positively to taking the stolen goods to the defendant, there was no error in the court's failure to charge on circumstantial evidence.

**2.—Same—Charge of Court—Contemporaneous Taking.**

Where upon trial of receiving stolen property the evidence showed contemporaneous taking of other stolen property from different and sundry parties which was carried to defendant's house, to show criminal intent on defendant's part, there was no error in refusing a requested charge that this testimony could not be considered as evidence against the defendant.

**3.—Same—Charge of Court.**

Where upon trial of receiving stolen property the court correctly refused a requested charge that the jury could not consider any evidence of similar offenses except as to corroborate, and not for the purpose of connecting defendant with the commission of the offense; the defendant not requesting that the evidence be limited to the question of intent, there was no error.

**4.—Same—Charge of Court—Fraudulent Intent.**

Upon trial of receiving stolen property, testimony of other similar offenses should have been limited to the question of fraudulent intent; but the court correctly refused a requested charge that the jury could not appropriate this evidence in corroborating the accomplice and connecting the defendant with receiving the alleged stolen property.

**5.—Same—Evidence—Relevant Testimony.**

Upon trial of receiving stolen property there was no error in permitting the State to prove circumstantially that defendant received stolen property belonging to the prosecuting witness.

**6.—Same—Evidence—Confession—Accomplice—Limiting Testimony.**

Upon trial of receiving stolen property there was no error in admitting the testimony of an accomplice who had turned State's evidence against the defendant, to establish the theft of the property; but this testimony should have been properly limited by the court to the guilt of the accomplice.

**7.—Same—Evidence—Moral Turpitude.**

Upon trial of receiving stolen property, testimony that the defendant had been convicted of horse-theft at a time too remote from the trial to serve as a predicate to impeach his testimony, should have been excluded.

**8.—Same—Corroboration—Accomplice—Variance.**

Where upon trial of receiving stolen property the indictment alleged two parties as accomplices in stealing the property and delivering it to defendant, and the proof showed that only one of them was implicated in the theft, a new indictment should be filed to meet the variance. See remarks in court's opinion of want of corroboration of accomplice testimony.

Appeal from the County Court of Callahan. Tried below before the Hon. C. D. Russell.

Appeal from a conviction of receiving stolen property; penalty, a fine of $500 and two years confinement in the county jail.

The opinion states the case.

*Otis Bowyer* and *F. S. Bell,* for appellant.—On question of other offenses: Wyatt v. State, 55 Texas Crim. Rep., 73, 114 S. W. Rep., 812; Carter v. State, 23 Texas Crim. App., 508; Mayfield v. State, 23 Texas Crim. App., 645. On question of admitting testimony of accomplice: Hightower v. State, 32 Texas, 605; Draper v. State, 22 Texas, 400; Collins v. State, 24 Texas Crim. App., 141.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a companion case to the case of Wyatt Hanks v. State, No. 4332, decided at the present term. The evidence in this case in many respects is the same as in the above cited case, and in what respect same differs will be hereafter stated.

Bill of exceptions No. 1 complains the court erred in not charging on the law of circumstantial evidence. This issue is not in the case, since the accomplice testified positively to taking the cotton to appellant.

Appellant asked the court to give the following charge: "You are instructed that you can not consider any evidence herein adduced as to any offense prior to the 14th day of October, 1907, except to show intent on the part of this defendant, and you can not consider such evidence in corroborating the prosecuting witness, Tom South, in connecting this defendant with the theft of the cotton herein charged on the 14th day of October, 1907." As heretofore held in above cited companion case by the majority of this court, this charge was properly refused. Where cotton is stolen from various and sundry parties or from two or more parties and carried to appellant's house, in order to fasten guilt and criminality, or, in other words, criminal intent upon him, it is proper and germane to prove that he received divers and sundry articles that the evidence shows were stolen practically contemporaneous with the receipt of the stolen property charged in this case. The proposition here announced is very different from the question often decided by this court and the decisions relied upon by appellant are not in point. Of course, if appellant had been charged with receiving stolen property on one occasion and at entirely another and different occasion and at a different time disconnected in toto with receiving of the property in this case, it would not be admissible, but where the property is all found in possession of appellant at one and the same time, in order to prove scienter and criminal intent on his part the different thefts or different receipts of stolen property are admissible. Appellant in this case insists, although the smokehouse in which the cotton was placed was within fifty yards of his house, that he knew nothing about it being in there, and that if any cotton was stolen and placed there in his smokehouse it was without his knowledge or consent. This is a valid defense if true. Now, to rebut the proposition of his innocence the State has a right to introduce the fact, if it is a fact, that he repeatedly received property of like kind and character, which was also placed in the house, and all of which was found in the house at the time he was arrested for the different offenses.

Appellant further asked the court to give the following charge: "The jury are instructed that they can not consider any evidence prior to the 14th day of October, 1907, except to corroborate the commission of the offense charged herein and not to connect this defendant with the commission of said offense." This charge is not correct. The evidence, as stated above, showing the receipt of other stolen prop-

erty could not be considered by the jury except as going to show intent on the part of appellant and to that effect should have been so limited, but appellant does not except to it on that ground.

Appellant presented to the court the following charge: "The jury are instructed that they can not consider any evidence herein adduced as to any offense prior to the 14th of October, 1907, except to show intent on the part of this defendant, and they can not consider such evidence in corroborating the prosecuting witness Tom South in connecting this defendant with the receiving and concealing the cotton of Charlie Mason on the 9th day of October, 1907." This is not a correct charge since to whatever extent the receipt of other stolen cotton is proven, to that extent it does show the felonious intent with which this cotton in this case was stolen, and in a certain sense corroborates the testimony of the accomplice, Tom South, but the court should have charged the jury that the evidence that was introduced by the State going to show receipt of other stolen property can not be considered by them for any purpose save and except as the jury may believe the same shows a fraudulent intent in receiving, if appellant did receive the cotton for which he was prosecuted in this case. In other words, the court should have simply limited the introduction of the receipt of other stolen property to the intent with which the cotton alleged to have been stolen and received in this case was received.

Bill No. 3 shows that, over appellant's objection, the prosecuting witness, Jesse Mason, testified that on the 9th day of October, 1907, Charlie Mason had some cotton in his wagon, near the public road at his place, about fourteen miles from Clyde, and that on the morning of the 10th day of October, 1907, they missed about 150 or 200 pounds of cotton, and they tracked the vehicle to the house of Wyatt Hanks, thence west to the Abilene road, and saw that it went north towards Abilene in said road. Appellant objects to this on the ground that it was a separate offense from the receiving and concealing of J. C. Burleson's cotton, because it was too remote and it did not tend to connect this defendant with the commission of the receiving and concealing Burleson's cotton. We apprehend appellant intended to place this bill of exceptions in the companion record. It has no place in this record. Certainly, it was germane to this prosecution to prove circumstantially that appellant received stolen property belonging to the prosecuting witness Mason, since the indictment charged that he did so receive.

Bill No. 5 shows the following: The State, over appellant's objection, proved by Will Estes that before he went to Gardner's house that morning, meaning the morning of October 15, 1907, that he had a talk with Tom South and also with J. C. Burleson, and Tom South, during the conversation, made a confession to him of stealing this cotton with Math Gardner, and that they put it in Wyatt Hanks' cotton-seed house. Appellant objected to this testimony, because this

was after the commission of the offense for which he was then on trial, it was not admissible to show conspiracy, said statement was not made in the presence of this defendant, was hearsay, irrelevant and prejudicial. This testimony was admissible. The indictment charged that Math Gardner and appellant stole cotton from Jesse Mason, and that appellant knowing the same was stolen received the same. Now, to prove that appellant received stolen property it must first be established that the property was stolen; therefore, a confession of the thief that he stole the property is certainly admissible testimony to establish the theft of the property. If he turned State's evidence he would be none the less an accomplice and could also swear that he delivered the cotton to appellant. Then the question would resolve itself to the proposition as to whether the accomplice was corroborated, but we could not hold that a confession of the principal to the crime would not be admissible to establish the fact of the theft of the cotton. This testimony, however, should have been limited by the court in his charge, to proof of the guilt of the accomplice alone, and that the jury must not appropriate same for any other purpose except to prove said accomplice's guilt.

Bill No. 6 shows the following: Defendant was permitted, over his objection to answer questions propounded to him by the State, and which answer was as follows: "Yes, I served a term in the penitentiary for horse theft, committed in Karnes County; it all grew out of the Taylor-Sutton-Harden feud. I was 18 years old, and it was in 1878." Appellant objected to the admission of this evidence and moved the court to exclude and withdraw it from the jury. No reason is stated in the bill of exceptions why it should be withdrawn. In the shape of this bill we can not say whether there was any error in the ruling of the court or not. In view of another trial, however, we would suggest that this testimony be not admitted because it shows the offense to have been committed at a time too remote from this trial to serve as a predicate to impeach the integrity of appellant. For discussion of this question see many authorities in the reports of this court.

As we understand the record before us, there is no fact corroborating the testimony of the accomplice South. In the companion case the accomplice seems to have been sufficiently corroborated; but in this case there is no circumstance showing that South and his codefendant Math Gardner were acting together at the time they secured the wagon that South swears that he secured from the livery stable with which to haul the cotton to appellant's house. The indictment charges that Math Gardner and the accomplice South stole the cotton from Jesse Mason and delivered it to appellant. We would suggest that upon another trial, if the evidence does not corroborate the accomplice South as to the guilty participancy of Gardner in the theft of the cotton in this case, as it does in the companion case, that the State file a new indictment alleging the theft of the cotton by South alone,

otherwise there is a fatal variance in the allegation in the indictment and the proof in the case. Furthermore, we would suggest that the evidence is quite meager and unsatisfactory in this record as to whether or not the accomplice is corroborated as to the theft of the Mason cotton. To whatever extent circumstances can be introduced to corroborate the accomplice, in addition to those heretofore proven, same should be done.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*