## JOHNSON v. STATE.

(Court of Criminal Appeals of Texas. Dec. 3, 1913. On Motion for Rehearing, Jan. 7, 1914.)

1. CRIMINAL LAW (§ 1144*)—REVIEW—PRESUMPTION—PROOF OF VENUE.

Code Cr. Proc. 1911, art. 938, expressly requires that the court shall presume that the venue was proven in the court below, unless such question was made an issue there and it affirmatively appears to the contrary by bill of exceptions properly signed and allowed by the trial judge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 2901, 3016–3037; Dec. Dig. § 1144.*]

2. CRIMINAL LAW (§ 912½*)—REVIEW—NECESSITY OF EXCEPTION—VENUE.

The question of venue cannot be first raised by a motion for new trial nor by a requested charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2136; Dec. Dig. § 912½.*]

3. CRIMINAL LAW (§ 564*)—SUFFICIENCY OF EVIDENCE—VENUE.

Venue need not be proven beyond a reasonable doubt, but, if from the facts in evidence the jury may reasonably conclude that the offense was committed in the county alleged, it is sufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 726, 1277–1284; Dec. Dig. § 564.*]

4. CRIMINAL LAW (§ 814*)—INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE.

In a prosecution for the theft of a mule, where the state introduced positive evidence, which if believed showed that defendant stole the mule and carried it into the county where the offense was laid, a charge on circumstantial evidence was not required.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

5. WITNESSES (§ 269*)—CROSS-EXAMINATION—NEW INCRIMINATING MATTER.

New incriminating matter against a husband cannot be brought out in cross-examination of the wife by the state.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 949–954; Dec. Dig. § 269.*]

6. WITNESSES (§ 330*)—IMPEACHMENT—CONTRADICTORY STATEMENT.

Where defendant's whereabouts on a certain Wednesday night and Thursday morning was material, his wife testified that he was at home all of Wednesday night and left early Thursday morning, telling her he was going to

a certain place, and on cross-examination she denied that she had told a certain person that early Thursday morning her husband had gone to a different place, whereupon the state introduced such witness, who testified that she had told him that her husband had gone to that place. *Held*, that such cross-examination was proper solely for the purpose of contradicting or impeaching her testimony in chief.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1106–1108; Dec. Dig. § 330.*]

### On Motion for Rehearing.

7. CRIMINAL LAW (§ 814*)—INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE—DIRECT EVIDENCE OF ACCOMPLICE.

It is not error to fail to charge on circumstantial evidence, though the only direct evidence is that of an accomplice, corroborated as required by law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

C. A. Johnson was convicted of the theft of a mule, and he appeals. Affirmed.

Brooks & Brooks, of Anson, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of the theft of a mule, and his punishment fixed at the lowest prescribed by law.

The indictment charges that the offense was committed in Taylor county, Tex. The jury evidently believed the testimony by the state to the effect that, whether the actual original taking was in Taylor or Fisher county, the appellant carried the stolen mule into Taylor county. Our statute (article 245, C. C. P.) expressly provides that, where property is stolen in one county and carried by the offender to another, he may be prosecuted in either. Article 257 provides that the indictment may allege that the offense was committed in the county where the prosecution was carried on, and to sustain the allegation of venue it shall only be necessary to prove that by reason of the facts existing in the case the county where such prosecution is carried on has jurisdiction.

[1] Appellant attempted to raise the question of venue in this case for the first time in his motion for a new trial. He has no bill of exceptions whatever on the question. Our statute (article 938, C. C. P.) expressly requires that this court shall presume that the venue was proven in the court below, unless such question was made an issue in the court below and it affirmatively appears to the contrary by a bill of exceptions properly signed and allowed by the judge of the court below.

[2] This court has repeatedly held that the question of venue cannot be first raised by the motion for new trial, nor by a requested charge. Scott v. State, 42 Tex. Cr. R. 607, 62 S. W. 419; McGlasson v. State, 38 Tex. Cr. R. 351, 43 S. W. 93; Barker v. State, 47 S. W. 980; Washington v. State, 77 S. W. 810; Brantley v. State, 42 Tex. Cr. R. 296, 59 S. W. 892; Munger v. State, 57 Tex. Cr. R. 384, 122 S. W. 874; Wynne v. State, 41 Tex. Cr. R. 504, 55 S. W. 837.

[3] Venue does not have to be proven beyond a reasonable doubt. If from the facts in evidence the jury may reasonably conclude that the offense was committed in the county alleged, it is sufficient.

[4] The state introduced positive testimony, if believed, which showed that appellant stole the mule and carried it into Taylor county. In other words, the testimony of his guilt was not dependent purely upon circumstantial evidence. When such is the case, a charge on circumstantial evidence is not required, and should not be given. Section 813, White's Ann. C. C. P.

[5, 6] A very material question in this case was as to the whereabouts of appellant Wednesday night and Thursday morning. John Baird, an accomplice, who testified for the state, by his testimony showed that he and appellant left appellant's house early Wednesday night; that appellant went to a pasture and caught said alleged stolen mule, and they together, that night, in appellant's buggy, drawn by Baird's horse, took the mule to Abilene, in Taylor county, reaching there early the next morning before or about daylight; that appellant left Abilene soon after they reached there, leaving him to sell the mule, which he did or attempted to do; and that appellant took his (Baird's) horse and the buggy at Abilene and returned to his home some 30 to 40 miles distant from Abilene, reaching there Thursday evening. Besides this, the state introduced other testimony showing that appellant was seen coming from the direction of Abilene some 15 miles from his residence, going towards his residence, driving this horse and buggy, and that he reached his home with said horse and buggy Thursday evening and turned the horse in his lot or pasture. It became quite a material question in the case where appellant was Wednesday night, and where he was and went Thursday morning. Appellant introduced his wife as a witness for him, who testified that he was at home all night Wednesday night and that he left home early the next morning, about 7 o'clock, and at the time he left told her where he was going, and that was to Bush to see Mr. Derrington. On cross-examination, over appellant's objection, the state was permitted to ask her if she had not told Mr. Owens about the middle of the morning Thursday morning that her husband and said Baird had gone to Mulberry Canyon that morning, and not to Bush, where she had just testified her husband said he was going. She denied making any such statement to Owens. The court then permitted the state to introduce Owens, who testified that at said place and time she told him that her husband and Baird had gone to Mulberry Canyon that

---

morning. Appellant's objections, in effect, were that he had not on direct examination brought this out, and it was irrelevant and immaterial, and by it the state sought to impeach her; and the wife could not be used as a witness against him, or cross-examined on something not brought out by him in his direct examination. The statute and rule are that incriminating new matter against the husband cannot be brought out in cross-examination of the wife by the state. But certainly that does not, and has never been held to, prevent any legitimate cross-examination of the wife which contradicts or tends to contradict or impeach her testimony in chief. As stated above, where appellant was Wednesday night and was and went Thursday morning, was very material. She testified for her husband, as stated above. Then whether or not he was at home and left there early Thursday morning to go to Bush, and that he so stated to her at the time, was material. That she, when first seen that morning, told Mr. Owens that her husband and John Baird had gone to Mulberry Canyon, which she denied telling him, was a material contradiction and impeachment of her testimony, and was admissible. The court, at the time the question was asked her by the state and her testimony given, expressly limited it to impeachment of her, and so he did when Owens' testimony was given. In addition to this, in charging the jury, he so expressly limited the jury to the consideration of it for that purpose alone. Swanney v. State, 146 S. W. 549; Dobbs v. State, 54 Tex. Cr. R. 554, 113 S. W. 923; Exon v. State, 33 Tex. Cr. R. 468, 26 S. W. 1088; Creamer v. State, 34 Tex. 173; Buchanan v. State, 41 Tex. Cr. R. 127, 52 S. W. 769; Hampton v. State, 45 Tex. 154; Shelton v. State, 34 Tex. 662; Magruder v. State, 35 Tex. Cr. R. 214, 33 S. W. 233; Brown v. State, 61 Tex. Cr. R. 336, 136 S. W. 265; Reagan v. State, 157 S. W. 484; Grimes v. State, 160 S. W. 690, not yet officially reported.

The court's charge on alibi in appellant's favor is in the language that has many times been passed upon and approved by this court.

While we have not taken up each of appellant's grounds in his motion for new trial, all questions raised thereby are embraced in this opinion. In addition to the, testimony of the accomplice, which, if believed, was amply sufficient to sustain the conviction, he is otherwise supported and corroborated by many facts and circumstances proved by other witnesses.

The judgment will be affirmed.

## On Motion for Rehearing.

Appellant has only two grounds of complaint in his motion for rehearing. The first is to the action of the court in refusing to give his special charge on circumstantial evidence. We did not particularly discuss this question in the original opinion, deeming it unnecessary. We will now state and discuss it.

The court did not charge on circumstantial evidence. Appellant requested a charge on that subject, which the court refused. The question is raised by appellant in his motion for a new trial (7a) by claiming the court erred in failing and refusing to give his special charge on the subject, quoting the charge, and then states the reason his charge should have been given as because there was no evidence offered by the state which shows or tends to show that defendant had anything to do with the original taking of this mule, except the uncorroborated evidence of John Baird, the accomplice; and because the testimony of said Baird shows conclusively that at the time he and defendant took said mule, and prior thereto, defendant pointed out the mule to Baird and claimed it as his mule; then contends that, if he did take the mule, it must have been by appellant and put in his pasture prior to November 6th and prior to the time Baird's testimony shows it was taken from defendant's pasture. Then concludes, "all of which is shown by bill of exceptions No. 8." There is no such bill in the record, or any other, raising or presenting this question. We have carefully again considered the evidence and especially on this point. It does not show that appellant had any pasture. Mrs. Johnson, his wife, testified, "We lived on the Matthews ranch in Fisher county." No witness testified that appellant owned or controlled any pasture at the time and just before this mule was stolen. Mr. Carroll, the owner testified, which was not disputed, that he kept this mule in his pasture which was right at where appellant then lived; Carroll's pasture being only across a little lane 30 or 40 feet wide from where appellant then lived. In his testimony he also showed that this mule was stolen on the 6th or 7th of November, 1912. Baird testified that appellant and he took this mule the night of the 6th, carried it to Abilene that night, and had it at Abilene early the next morning. The mule, by several witnesses, was shown to be at Abilene early on the morning of the 7th. The fact, if it be a fact, that in the evening of the 6th appellant and Baird were riding about and coming in sight of this mule, and appellant pointed it out to Baird and claimed it as his mule, would not show that he had previously stolen the mule. Baird's testimony is that they were then in the pasture. Whose he did not say. Evidently it was that of Carroll. Certainly, it is not shown that it was in any pasture owned or controlled by appellant. Baird says appellant drove that mule up in his lot and caught it that night, and that they, together, that night took it to Abilene.

[7] It has been so many times and uniformly decided by this court that it is not error to fail to charge on circumstantial evidence, though the only direct evidence is that of

an accomplice, we deemed it unnecessary to discuss and decide the question in the original opinion. In his motion for new trial, as shown above, in effect, he states that the evidence of John Baird, the accomplice, does show that appellant originally took this mule, and the record shows that John Baird did so testify. His evidence as to the offense was sufficiently corroborated, as required by the court's charge and the law, and the court did not err in not charging on circumstantial evidence. Wampler v. State, 28 Tex. App. 353, 13 S. W. 144; Thompson v. State, 33 Tex. Cr. R. 223, 26 S. W. 198; Kidwell v. State, 35 Tex. Cr. R. 267, 33 S. W. 342; Rios v. State, 39 Tex. Cr. R. 675, 47 S. W. 987; McKinney v. State, 48 Tex. Cr. R. 405, 88 S. W. 1012; Tune v. State, 49 Tex. Cr. R. 448, 94 S. W. 231; Hanks v. State, 55 Tex. Cr. R. 451, 117 S. W. 150; Rios v. State, 48 S. W. 505; Barber v. State, 69 S. W. 515; William v. State, 45 S. W. 494; Martinez v. State, 61 Tex. Cr. R. 29, 133 S. W. 881.

Appellant's other complaint is that this court was wrong in the original opinion in holding that appellant's wife could be impeached as stated and shown in the original opinion. It is unnecessary to go over and discuss this question further. We will state, however, that appellant's wife, on direct examination by him, testified that appellant ate supper on the evening of November 6th at home with her and their children, and that Baird was not there that night, and did not take supper with them, but left their house that evening about an hour by sun with two men in a hack, and that she saw Baird no more until after he was arrested in Abilene the next day, and that appellant stayed at home the whole of the night of November 6th, and that he left their home about 7 o'clock on the morning of the 7th, after breakfast, and at the time he then left he told her where he was going. In her direct testimony she did not then say where he told her he was going. On cross-examination, in answer to the state's question, without any objection, she said he then told her he was going to Bush. The material point in her testimony on this question was that appellant stayed at her house all night that night and left there the next morning with Baird, telling her where he was going. This was very material for appellant. Then it became material for the state, if it could, to impeach her by showing that that very morning she told Mr. Owens that that morning her husband and Baird left her house after breakfast and had gone to Mulberry Canyon, instead of as stated in her original direct testimony. Clearly the state had the right to thus impeach her testimony. In addition to the authorities cited in the original opinion on this point, we cite Smith v. State, 44 S. W. 520; Crews v. State, 34 Tex. Cr. R. 545, 31 S. W. 373; Exon v. State, 33 Tex. Cr. R. 469,

26 S. W. 1088; Young v. State, 54 Tex. Cr. R. 420, 113 S. W. 276; Red v. State, 39 Tex. Cr. R. 422, 46 S. W. 408.

The motion for rehearing is overruled.