## TOM RESPONDEK v. THE STATE.

No. 12783. Delivered December 11, 1929.

The opinion states the case.

*Lockhart & Garrard* of Lubbock, for appellant.

*T. L. Price,* District Attorney of Tahoka, *J. M. Marshall* of Lubbock, and *A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for rape upon Gladys Gumm, punishment being ten years in the penitentiary.

The act of intercourse was with the consent of prosecutrix who was seventeen years old at the time. Under the provisions of Art. 1183 P. C. if the injured female is over 15 years of age accused may show as a defense in rape by consent cases that she was not of previous chaste character. The only legal question presented for review arises from the court's action in overruling an application for continuance and in denying a new trial, motion for which was based on such action.

The application shows that continuance was sought on account of the absence of Paul Sanders, Frank Broll, Douglas Finley, Earnest Hillen and Jim Johnson, it being stated in the application that appellant expected to prove by each of said witnesses that he had had intercourse with prosecutrix prior to the time appellant had such relation with her. The state resisted the continuance on the ground that appellant was lacking in diligence in procuring process for said witnesses. We do not care to discuss that question in so far as it relates to Hillen, Finley and Broll. They may be disposed of on other grounds. It may be here stated that witnesses other than those above mentioned were named in the application as being absent but nowhere is it stated what evidence appellant expected from them and therefore no further notice will be taken of such other absent witnesses. The state contested the motion for new trial and attached to its answer affidavits of Earnest Hillen and Douglas Finley in which each of them state that if they had been

present at the trial they would not have testified that they had had intercourse with prosecutrix. These affidavits remove said witnesses from further consideration. Wilkins v. State, 35 Tex. Cr. R. 525; Tune v. State, 49 Tex. Cr. R. 445. (Other authorities may be found collated under sec. 337, Branch's Ann. Tex. P. C.)

Appellant attached to his motion for new trial the affidavit of Frank Broll in which the witness swears that he had intercourse with prosecutrix twice on the night of July 28th which was before appellant's relation with her. One of the requisites of an application for continuance is that it must aver that the witness sought was not absent by the "procurement or consent of defendant," Art. 543, C. C. P. Appellant under oath made such averment. Appellant knew his case would be called for trial on March 6th. Process was requested for Broll on March 1st. The state also secured an affidavit from Broll which is attached to the state's answer to appellant's motion for new trial. That affidavit reveals that on the night of March 1st Broll—who is appellant's cousin—had a conversation with appellant in which he told Broll that he (appellant) was going to try in some way to put the case off; that witness left because he knew that both appellant and the state were going to try to use him as a witness and he told appellant during this conversation that witness was going to leave; that appellant did not protest against witness leaving but said for witness to use his own judgment about it and that if witness thought it better to be gone to "go ahead and leave"; that appellant said he "wanted witness in the case but told him to leave if he wanted to." Under such circumstances as here shown we can regard the absence of Broll in no other light than as having been consented to by appellant, if not actually procured by him.

Appellant was indicted on February 22nd and arrested the next day, at which time he gave bond. He had been under bond since January 6th on a complaint charging him with unlawful intercourse with prosecutrix. Process for his witnesses was not applied for until March 1st. Appellant undertakes to excuse himself for delay in requesting process on the ground that he could not get in touch with his attorney until the day process was requested although he had made an effort to do so the day after his re-arrest under the indictment. It appears from the record that the district attorney on February 23rd advised appellant that his case would be called for trial on March 6th and further advised appellant to make application at once for all his witnesses and was directed to the office of

the district clerk for that purpose. Appellant testified on the trial that before he had intercourse with prosecutrix the witnesses for whom he had sought a continuance had told him that they had theretofore had intercourse with her; that he had some of them to go before the grand jury and had talked to them about it before the grand jury had indicted appellant. It is very apparent that appellant himself understood the importance of the presence of the witnesses if he thought they would testify as he claimed to have expected. From the affidavit of Broll attached to the state's answer to the motion for new trial it is shown that this witness talked to Paul Sanders (another of the absent witnesses) on Saturday, February 23rd—the very day appellant was arrested under the indictment—and that Sanders sent word to appellant that he (Sanders) was not going to be there when the case was called for trial; that Broll saw appellant the next day which was Sunday, February 24th and delivered Sanders' message. Notwithstanding this information appellant waited until March 1st before requesting process. If it had been issued promptly this witness in all likelihood could have been served. He was gone when process was issued and appellant had information that he intended to leave. Under the circumstances the trial court would have been justified in doubting if appellant in good faith wanted the witness present; the facts before him, to say the least, lent color to what Broll said in his affidavit, to-wit: that appellant "told me he was going to try to put the case off in some way." We think the court correctly held under the circumstances that appellant was lacking in diligence; neither did he abuse his discretion in concluding that if Sanders and Johnson had been present they likely would not have testified as expected.

We find no error in the trial court's disposition of the question raised by claimed newly discovered evidence upon the issue of prosecutrix's age, in view of the affidavits relative thereto presented by the state.

The judgment is affirmed.

*Affirmed.*