## Will McKinney v. The State.

### No. 3049. Decided June 14, 1905.

**1.—Assault to Murder—Refusal Peremptory Charge to Acquit.**

Where in a trial for assault with intent to murder, the confession of defendant, the testimony of the accomplice and the other evidence support the conviction, there was no error in refusing to peremptorily instruct the jury to acquit the defendant.

**2.—Same—Jury and Jury Law—Recalling Witness—Practice.**

Where on a trial for assault to murder, the jury, after having retired to consider their verdict, requested the court that they desired to hear the testimony of a witness read to them, and the court informed them in writing that under the law they could not have the testimony read to them, but could have the witness recalled and have him detail the testimony upon which there was disagreement among them. Held correct, and there was no error.

**3.—Same—Practice.**

There was no error in the action of the court in permitting a witness to be recalled at the instance of the jury and have him again detail his testimony.

**4.—Same—Testimony Favorable to Defendant—Withdrawal.**

Where testimony as to the age or mental capacity of defendant on account of nonage, which was afterward withdrawn and could not have injured him, redounded to his benefit, there was no error.

**5.—Same—Confession—Charge of Court—Harmless Error.**

Where there was other testimony than defendant's confession, it was harmless

error to charge the jury that the confession must be taken together and that the State was bound by it, unless shown to be untrue in whole or in part; besides the charge was proper if the confession was relied upon alone for conviction.

**6.—Same—Charge of Court—Accomplice—Practice.**

See opinion for charge of court on the law of accomplice, which is sustained upon former decision, but suggesting that it is better practice to follow the statute.  Reviewing Jones v. State, 3 Texas Crim. App., 575.

**7.—Same—Circumstantial Evidence—Confession—Accomplice.**

Where appellant's confession was introduced in evidence, there was no necessity to charge upon the law of circumstantial evidence, besides the testimony of the accomplice took the case out of the rule.

Appeal from the District Court of Grayson.   Tried below before Hon. B. L. Jones.

Appeal from a conviction of assault with intent to murder; penalty, five years confinement in the State reformatory.

The opinion states the case.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant also criticises that portion of the court's charge relating to the testimony of Marvin Rhodes, a confessed accomplice.  Whilst this charge is not artistically drawn, yet the criticisms levelled at it are not believed to be well taken.   The main objection to this charge seems to be that the court instructed the jury that the corroborative testimony will be sufficient, if it tended "in some degree" to connect defendant with the commission of the offense; that by the use of the words "some degree" the court required less corroboration than the statute, article 781, Penal Code.   The statute reads, "unless corroborated by other evidence tending to connect defendant with the offense committed."   For decisions bearing on this question, see sec. 997 White's Ann. Code Crim. Proc., and especially Jones v. State, 3 Texas Crim. App., 575, which seems to sustain this charge.

BROOKS, Judge.—Appellant was convicted of assault to murder, and being under 14 years of age, his punishment was fixed at confinement in the State reformatory and house of correction for a term of five years. The testimony shows substantially that A. Thomas, the assaulted party, a vendor of fruits and chile was shot by appellant, who was accompanied by Marvin Rhodes at the time of the shooting—Rhodes being a small boy.   Prosecutor at the time of the shooting was in bed at his place of business, the shooting occurred between 5 and 6 o'clock in the morning.   Prosecutor testified that upon hearing a noise at the door he partly opened it, and a shot was fired, wounding him.   The State's testimony shows that the wound was inflicted with a 22-caliber target rifle.   The State introduced appellant's confession.   However, in this confession appellant states that his companion Marvin Rhodes did the shooting; that he and Marvin had agreed to shoot the old man

(prosecutor) because he had sold them some chile the day before of an inferior grade. The State introduced Marvin Rhodes, and he testified that appellant did the shooting. The first bill of exceptions relates to the refusal of the court to instruct the jury peremptorily to find a verdict of not guilty. We do not think there was any error in this, since both the confession of appellant and the testimony of the accomplice with the other evidence in the case, support the verdict of the jury.

Bill of exceptions number 2 shows that, after the jury had retired to consider their verdict, they propounded to the court, the following question: "The jury desires to hear the testimony of W. S. Russell read to them. W. W. Parks, foreman." The court informed the jury in writing that under the law they could not have the testimony read to them; but if there was any disagreement among them as to the testimony of any of the witnesses, they could request the court to have the witness brought back on the stand and have him detail that part of the testimony about which the jury disagreed. This instruction was clearly correct, under article 724, Code Crim. Proc.; Conn v. State, 11 Texas Crim. App., 390.

Bills 3 and 5 relate to the action of the court permitting the witness Russell to be recalled, at the instance of the jury, and again detail his testimony. In this there was no error. White's Ann. Code Crim. Proc., art. 724, secs. 875, 876, 877.

Bill number 6 shows that the State was permitted to prove by sheriff Russell and Bud Roberts, city marshal that, in their opinion, appellant had sufficient mental capacity to know it was wrong to attempt to kill the prosecutor. Appended to the bill is this explanation: "That at the time the question was asked with reference to the mental capacity of defendant, the court was of the opinion that the evidence as to defendant's age made an issue as to whether defendant was under the age of 13 years when it was alleged he committed the offense, but after investigation of the record, the court became satisfied no such issue was raised, and then withdrew the testimony." The record before us shows that defendant was 13 years of age. We see no reason for holding that this testimony, and especially its subsequent exclusion, could have injured appellant. The mere admission of the testimony would indicate some doubt as to the mental condition of appellant, and to that extent redounded to his benefit.

Appellant complains of the following portion of the court's charge: "You are further instructed that, where the State puts a confession in evidence, that the whole of said confession is to be taken together, and the State is bound by it, unless it is shown by the evidence to be untrue in whole or in part." It was not necessary for the court to have given this charge, since there was other testimony than the confession. However, the charge of the court was in proper form if the confession was relied upon alone for conviction. Pharr v. State, 7 Texas Crim. App.,

472; Jones v. State, 29 Texas Crim. App., 20; Slade v. State, 29 Texas Crim. App., 381; 16 S. W. Rep., 253.

On the question of accomplice, the court charged the jury, as follows: "You are instructed that under the law of this State, a person charged with a crime cannot be convicted upon the evidence of an accomplice unless the testimony of such accomplice is corroborated by other evidence tending to connect the defendant with the commission of the offense charged; and the corroboration is not sufficient if it merely shows the commission of the crime. An accomplice, as the word is here used, means any one connected with the crime committed, either as principal, an accomplice, an accessory or otherwise. It means a person who is connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the crime, and whether or not he was present and participated in the commission of the crime. The corroborative evidence must be such as of itself, and without the aid of the testimony of the accomplice, tends in some degree to show that the defendant was engaged in the commission of the crime. And where circumstances are relied upon as corroboration, these circumstances must be criminative; that is, these circumstances, if the accomplice had not testified at all, must to some extent be inconsistent with the innocence of defendant of the crime charged. So, if you believe from the evidence that the witness Marvin Rhodes, who has testified before you, is an accomplice within the meaning of that word as used in this charge, then you cannot convict the defendant on his testimony, even though you should believe his testimony, unless you believe his testimony has been corroborated by other evidence in the case, outside of his testimony, and outside of any evidence that may merely show the commission of the crime, that tends in some degree to connect defendant with the commission of the offense charged; and you must further believe from the evidence that the facts and circumstances relied upon by the State as corroboration are criminative; that is, inconsistent to some extent with the innocence of defendant of such unlawful killing." Appellant criticises said charge, as we understand, because the court says, the evidence must tend in some degree to connect defendant with the commission of the offense; and that by the use of the words "some degree" the court required less corroboration than the statute. Article 781, Penal Code, reads, "unless corroborated by other evidence tending to connect defendant with the offense committed." For decisions on this question, see sec. 997, White Ann. Code Crim. Proc. In Jones v. State, 3 Texas Crim. App., 575, a charge, containing the language here criticised, on the question of corroboration, was approved. However, we believe that it is better practice to follow the statute. This is not a case of circumstantial evidence. Appellant's confession takes it out of the rule; and besides, the testimony of Marvin Rhodes clearly does so. The evidence is sufficient to support the verdict of the jury, and the judgment is affirmed.

*Affirmed.*