## ISOM BRADLEY V. THE STATE.

No. 10545.   Delivered February 6, 1927.

Rehearing denied June 15, 1927.

### 1.—Murder—Statements of Accused—When Exculpatory—Rule Stated.

Where, on a trial for murder, the state introduced statements of the accused, a part of which were exculpatory. There being other evidence refuting the exculpatory statements, the state was not bound by same, and there was no error in refusing to charge the jury that the state was bound.

### 2.—Same—Continued.

Mr. Branch in his P. C., Sec. 73, states: "If the state does not rely for a conviction alone upon the admission or confession of the defendant, but introduces evidence in rebuttal of the confession and admission, it is not error to refuse to charge that the state is bound by the whole of said admission or confession containing the exculpatory statements." Also see Slade v. State, 29 Tex. Crim. App. 392, and other cases cited.

#### ON REHEARING.

### 3.—Same—No Error Presented.

On rehearing, appellant urges that our original opinion, holding that the state was not bound by the exculpatory statements of appellant, was erroneous. We have given careful consideration to the matter, but cannot agree with his contention and the motion for a rehearing is overruled.

Appeal from the District Court of Burleson County.   Tried below before the Hon. J. B. Price, Judge.

This is the second appeal of this case.   The former appeal is reported in 277 S. W. 147, and contains a sufficient statement of the facts.

*Bowers & Bowers* of Caldwell, for appellant.   On exculpatory statements in a confession or admission, appellant cites:   Forrester v. State, 248 S. W. 40; Pharr's Case, 7 Tex. Crim. App. 478; Pratt v. State, 96 S. W. 8; Combs v. State, 108 S. W. 649; Pratt v. State, 109 S. W. 138; Banks v. State, 119 S. W. 847; Jones v. State, 13 S. W. 990, and Giles v. State, 67 S. W. 411.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder, and his punishment assessed at fifteen years in the penitentiary.

This is the second appeal of this case to this court. The former appeal will be found in 277 S. W. 147, where a sufficient statement of the facts is given for the discussion in this opinion.

The appellant failed to testify as a witness in the instant case. The state introduced witnesses who testified, in effect, that the appellant admitted to them that he killed deceased, but stated that the homicide was accidental and that at the time he was asleep and didn't know what he was doing. The court submitted both of these issues to the jury, instructing them, in effect, that if they believed from the evidence that the deceased met her death accidentally at the hands of the appellant, or if they believed from the evidence that the appellant shot the deceased while he was asleep and did not know what he was doing, or if they had a reasonable doubt thereof, then in either event they would acquit the appellant.

·The only serious complaint urged by appellant's counsel, as we understand the record, is that the court failed and refused to charge the jury that unless the exculpatory statements of the appellant proved by the state had been shown to be untrue, then the state would be bound thereby and the appellant would be entitled to an acquittal. The record will disclose that the state did not rely alone upon the admissions containing the exculpatory statements of the appellant for a conviction in this case. Mr. Branch, in his Ann. P. C., Sec. 73, states:

"If the state does not rely for a conviction alone upon the admission or confession of the defendant, but introduces evidence in rebuttal of the confession and admission, it is not error to refuse to charge that the state is bound by the whole of said admission or confession containing the exculpatory statements," citing Slade v. State, 29 Tex. Crim. App. 392, 16 S. W. 252; Powdrill v. State, 155 S. W. 231, and other authorities.

The case of Harris v. State, 281 S. W. 206, presents a problem that it is almost parallel to that involved in the instant case. In that case accused's confession contained the exculpatory statement that he killed deceased in self-defense, on which issue the court gave a complete charge. It was held by this court that under those circumstances a failure to instruct the jury that unless the exculpatory statements had been shown to be untrue, the state would be bound thereby, was not reversible error. In the case now being considered appellant's confession contained the exculpatory statements that he killed his wife by accident and while asleep and not knowing what he was doing. Both of these issues were properly submitted as a defense, with an instruction in connection with each that if the jury entertained a reasonable doubt upon the matter the appellant should be acquitted. The opinion in the Harris case, supra, seems to be controlling here.

The court further states in the Harris opinion.

"We are not allowed to reverse cases for complaints directed at matters in the charge of the court unless same be such serious import as to lead the court to some belief of injury to the accused."

After a careful examination of the entire record, we are constrained to hold, under the Harris case, supra, and authorities there cited, that the refusal of the court to instruct the jury that the state was bound by the exculpatory statements of the appellant, as shown in this record, was not such error as will require a reversal of this case. We are therefore of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a forcible motion, the point of which is that we erred in refusing to sustain complaints appearing in a number of bills of exception which, in the aggregate, present complaint of the failure of the court to tell the jury that the burden was upon the state to disprove certain exculpatory statements appearing in the testimony of state witnesses and attributed to appellant. We can add very little to what we said in our original opinion. It is plain that appellant said to one witness that he shot deceased accidentally, and that he said to another he shot her while she was asleep. The court affirmatively charged the jury in his main charge upon each of these defensive propositions, telling them in paragraph 7 that if they believed from the evidence that the shooting was an accident on the part of the defendant, or if they had a reasonable doubt as to whether it was an accident or not, they should acquit; and again in paragraph 10 told the jury that if they believed from the evidence that defendant shot the deceased while he was asleep, or if they had a reasonable doubt thereof, they should acquit.

The charge so manifestly gives to the accused every benefit which could have accrued to him if the jury had been specifically told that they could not convict unless they believed the falsity of the exculpatory statements had been shown, that the lack of

need for such charge would seem apparent. The rule seems well settled. Having plainly given a charge upon the affirmative defensive theory in one form, no burden would rest upon the court to give it in that which would merely be a different form.

The motion for rehearing will be overruled.

*Overruled.*