TOM NICHOLS v. THE STATE.

No. 11871. Delivered June 20, 1928.
Rehearing denied October 31, 1928.

The opinion states the case.

*H. F. Kirby* and *Kennedy & Engledow* of Groesbeck, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, twelve years in the penitentiary.

Philip Ross was a negro, appellant a white man. The deceased left his home one afternoon, having in his possession some money and notes. Upon his failure to return, a reward was offered of $150.00 for him alive or $100.00 for his dead body. Shortly after this reward was offered, his body was found by appellant and another in a pasture in a badly decomposed condition. Appellant received part of the reward offered. Appellant was arrested and signed a confession, the substance of which was that a short time before the tragedy he came upon the deceased and his alleged paramour, Reca Mae Adams, in an automobile, which appeared to infuriate deceased and both deceased and the woman cursed and abused appellant. On the night of the tragedy he again came upon deceased, this time alone, who was fixing a flat tire and deceased referred to the former occurrence and menacingly reached towards his automobile car pocket, apparently for a pistol, whereupon appellant shot him with a shotgun. He then took his body to a pasture and hid it and near the body left the empty shells from his shotgun. He took deceased's car up the public road and set same afire. Both the shells and the car were subsequently found. Reca Adams denied the occurrence detailed by appellant and testified further that appellant left her house the night of the tragedy alone.

The State's theory of motive for the killing was robbery. The appellant did not testify on the trial.

Proper exception was taken to the following argument of the State's attorney, it being urged that same was a reference to appellant's failure to testify:

"We must decide how this crime was committed and what occurred there from the circumstances. The State could offer no direct testimony as to this fact. There is no witness to this killing who is available to the State. Philip Ross is dead, lying in a grave out west of Mexia."

This statement, we think, could not have been understood by the jury as a reference by counsel to the failure of appellant to testify, but rather as an explanation of the character of testimony which the State relied upon for conviction. It was neither directly nor indirectly a reference to the appellant's failure to put in evidence facts provable only by defendant, but instead was a reference to the actual record as made with an explanation of why the murder had to be thus proven. If a reference to the appellant's failure to testify can be deduced from this statement, it would be by a process of reasoning too circuitous and remote to have any harmful effect on the average juror in our opinion. Authorities on this question will be found collated in Branch's Penal Code, Sec. 374, and Vernon's C. C. P., 1925, Vol. 2, p. 743. None of these in our opinion support the appellant's contention.

The State relied principally upon the confession of appellant, which confession contained exculpatory statements raising the issue of self-defense. The Court not only charged on self-defense fully but also gave a pertinent and apt charge to the effect in substance that the State was bound by the statements in appellant's confession, unless the exculpatory statements were shown by the evidence to be untrue, specifically instructing to acquit unless the jury believed from the evidence beyond a reasonable doubt that the exculpatory statements made by appellant in the purported confession were untrue. In this respect the Court gave appellant everything he was entitled to under the cases of Pharr v. State, 7 Tex. Crim. App. 478, and those collated and shown at Sec. 73, Branch's P. C.

Vigorous complaint is made that State's counsel in argument made statements which in effect amounted to a denial that the instructions given by the Court with respect to the matter immediately above discussed was the law and that by their argument they attempted to induce the jury to disregard the law as given them by the Court in his charge. These matters are presented by several bills of exception, all of a kindred nature, and two of these will be set as illustrative of the point.

"State's Counsel's statement, in his argument to the jury, which was as follows: 'You don't have to accept all of this confession as true. You can believe the reasonable part of it and discard that part that is not reasonable,' was of so prejudicial a nature as to require a reversal of this case."

"State's Counsel's statement, in his argument to the jury, which was as follows: 'The State is not bound to prove the falsity of the

exculpatory statements in the defendant's confession. See whether or not the exculpatory statements in the confession are reasonable. If these statements are unreasonable you don't have to believe them, even if the State hasn't disproved them,' was of so prejudicial a nature as to require a reversal of this case."

While the State is bound by the whole confession, this certainly could not mean an inhibition against the State's counsel analyzing the entire statement to determine whether the exculpatory portion is reasonable in the light of other facts contained in such statement. In other words, while bound by the exculpatory statement, unless proven false, the State may properly point to other portions of the admitted confession which tend to prove the falsity of the defensive matter set out in such confession. Being bound by the statement does not mean being restricted to the appellant's interpretation of same. The exculpatory portions of the statement may, we think, be disproved as well by other portions of the same statement as by independent testimony. The statement as a whole may furnish sufficient proof of the falsity of the exculpatory matters contained therein, and in such case it is entirely proper to argue, "You don't have to accept all of this confession as true. You can believe the reasonable part of it and discard that part that is not reasonable." Some of the arguments complained of might under other facts constitute reversible error. Counsel cannot misstate the law in such way as would amount to a nullification of the Court's instructions to the jury. Rodriquez v. State, 271 S. W. 380. Nor should they be permitted to misstate the law when inapplicable or in conflict with the Court's instructions. Manley v. State, 137 S. W. 1137. However, in this case the appellant's statement that he hid the body of deceased and his detailed explanation of deceased's actions towards him prior to the killing were of such a nature as to justify the jury in rejecting the exculpatory portion of same, which showed the killing to be in self-defense, and justified the argument that such statements must be reasonable. Of course the falsity of the exculpatory statements must be proven and what the attorney undoubtedly meant and what the jury probably understood was that such proof did not have to be made independent of the statements contained in the confession. The infringement of the rule inhibiting counsel from challenging the law as contained in the Court's charge was in this case more apparent that real and if any violation of such rule occurred in this case, it was too slight under the peculiar facts of this case to justify a reversal.

We have examined all of appellant's bills of exception and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing counsel for appellant earnestly insists that reversible error is disclosed by bill of Exceptions No. 2 of which there was no specific discussion in the original opinion. From the bill mentioned, it appears that counsel for the State, in his closing argument, made to the jury the following remarks:

"As the Court tells you, 'You are the exclusive judges of the facts proven.' You don't have to believe the exculpatory part of the confession unless you want to, even though the State hasn't disproved it. You can believe what you want to and disbelieve what you don't want to."

Objection was made to the argument, and special charges touching it were requested and refused. The first of these charges reads in part thus:

"Gentlemen of the Jury: Counsel for the State, in their arguments to the jury have stated * * * that the way for you to decide whether or not the exculpatory statements in the confession are true is to see whether or not they are reasonable; that you could believe what part of it you wanted to and disbelieve what you did not want to, whether or not the State had proved the falsity of any statement."

"In this connection, you are referred to paragraph X of the Court's main charge and also to Special Charge No. 8.

"The above statements of counsel for the State are not the law but the law is fully stated in the main charge and the special charges.

"You are instructed therefore not to consider the above statements of State's counsel."

In Special Charge No. 8, a request was made to instruct the jury in these words:

"Now, you are instructed that the State is bound by the entire statement, and unless the State has proved to your satisfaction, beyond a reasonable doubt, that that part of the statement above

mentioned is false you will find the defendant not guilty, and so say by your verdict."

In appraising the complaint, the argument of counsel set forth in the original opinion cannot be ignored. In substance therein, counsel argued to the jury that the reasonableness of the alleged exculpatory statements was an element which the jury was authorized to take into account in passing upon the truth of such exculpatory statements. Considered in that light, it was manifestly within the province of the jury upon the whole evidence to determine the value of the exculpatory statements. Both charges requested embraced the proposition that the *burden rested upon the State to prove the falsity of the exculpatory statements.* Such is not understood to be in the law. The proper announcement is deemed that embraced in subdivision 10 of the court's charge, namely:

" * * * and the State is bound by them unless the exculpatory statements are shown by the evidence to be untrue."

However, the inference of untruth may be drawn by the jury from all the evidence including any inconsistencies in the statement itself or in the statements as compared with other evidence adduced upon the trial which is regarded by the jury as true. See Pratt v. State, 53 Tex. Crim. Rep. 281; Combs v. State, 52 Tex. Crim. Rep. 613; Pharr v. State, 7 Tex. Crim. App. 472.

The requirement that there be an instruction to the jury touching the truth or the falsity of the exculpatory statements is not an unfailing one. Jones v. State, 29 Tex. Crim. App. 21; Slade v. State, 29 Tex. Crim. App. 292; Pickens v. State, 86 Tex. Crim. Rep. 568. In cases where the exculpatory statements present a specific defense which comes from no other source, and such defensive theory is submitted to the jury for decision in an appropriate charge, it has been held that an additional charge to the effect that the exculpatory statements must be disproved is not required. Harris v. State, 281 S. W. Rep. 206; Bradley v. State, 295 S. W. Rep. 606. In the present case, the only defensive theory was that of self-defense, and this arose from the exculpatory declarations in the appellant's confession. The court submitted the issue of self-defense to the jury in the paragraphs of the charge against which we have been able to perceive no just criticism.

The motion for rehearing is overruled.

*Overruled.*