## WALTER FREENEY V. THE STATE.

No. 15775.   Delivered March 22, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 385.

The opinion states the case.

*W. H. Hendeson* and *John C. Patterson,* both of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

When this case was called appellant moved to quash the in-

dictment because of alleged discrimination against the negro race in the formation of the grand jury, appellant being a negro. The trial court heard evidence, and, examining same, we observe no testimony of such discrimination. The poll tax paying list of colored citizens in the county was shown to be small. The jury commission were given the usual and statutory instruction by the court at the time they were impaneled. Each of them testified that they tried to select only the men best qualified to serve on the grand jury; no mention was made as to whether any man selected or left off was a negro or otherwise. The grand jury was drawn before this homicide was committed, had had one sitting, and was at recess when this killing occurred, and were called back, and returned this indictment. We see no error in the overruling of the motion to quash. A recent case is Ramirez v. State, 40 S. W. (2d) 138, in which case, upon a showing more meritorious apparently than here, a writ of certiorari was refused by the Supreme Court of the United States.

Appellant on the witness stand admitted that he killed deceased by striking her with a stick. The testimony showed that the skull of deceased was crushed by a blow on the front of her head, and a witness testified that appellant said when he killed her he picked up a mesquite club and hit her over the head several times. Appellant claimed that deceased had a knife in her hand when he struck her, and that after killing her he threw both knife and stick away. Search of his house was made after the killing and a mesquite club was found, one end of which had been washed. This club weighed two pounds or more, and was of such length and size that with it a skull could be easily fractured in the opinion of a witness who examined it. Appellant has a bill of exception in which he complains that this club was shown him while on the witness stand, in the presence of the jury, and he was then asked if this was not his club, and if he did not kill deceased with it, and afterward wash it off with soap and water. Appellant objected to the question and to the exhibition of the club before the jury. When his objection was overruled, he answered that the club was his, but that he did not kill deceased with it, that the club was one which he kept in his house and carried with him when he went to church at night. We do not agree with appellant's contention. He said he killed deceased by striking her on the head with a stick. Her skull was crushed. Search in the vicinity of the killing revealed no stick. In appellant's house a few days later was found a club sufficient in length to crush a skull. Its end was washed. It was admissible in evidence.

Letters admittedly written by appellant to deceased were properly allowed in evidence. Appellant testified on the stand that deceased had lived in his house, and that he had many acts of intercourse with her, bought groceries for her, etc. He testified that after leaving his abode because of friction with his wife, deceased would often come at night to his house and by sounds call him out. Another bill of exception complains of a question asked appellant about some cotton choppers, which was of no possible harm and will not be discussed.

Bill of exception No. 5 sets out that, appellant having told a witness that deceased got a knife out of her stocking just before he killed her, the same witness was allowed, over objection, to state that he saw the body of deceased when it was dug up where appellant had buried it, and that no stockings were on it.

We have discussed each bill of exception, as is our custom in death penalty cases, but find no error in any of them. The facts show that appellant, after having practically lived with deceased, who was a noticeably small negro woman, for more than four years, during which time she had several illegitimate children, having kept up a clandestine intimacy with her after she was compelled to leave his house by his jealous wife; after being heard to say to deceased "I'll get even with you, you are trying to run over me with your other nigger,"—killed her, and then buried her body in a shallow grave near his house. He defended on the ground that she was making an attack on him with a knife. The verdict of the jury settled the conflicts in the testimony.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the motion for rehearing it is urged that the confession of appellant proved by the state contained an exculpatory statement in view of which it is insisted that it was error for the court not to tell the jury the state was bound by such exculpatory statement unless the state had proved its falsity.

Neither by exception to the court's charge nor by requested special charge was it made known to the court that such instruction was desired. Even if such a charge had been called for under the facts, the failure to give it would not have demanded a reversal, in view of articles 658 and 659, C. C. P., which requires objections to instructions, and request for special charges to be made at the time of trial and before the main charge is read to the jury.

Because the death penalty was assessed leads us to further say that, if it had been made known to the court in a timely manner that an instruction on the point mentioned was desired, its refusal would not have been erroneous under the present facts. In developing its case in chief the state proved by Mr. Hay, a deputy sheriff, that while in jail appellant admitted that he killed deceased by hitting her with his fist, and with a mesquite club, and also told witness where he (appellant) had buried the body; as a result of this information the body was found. No exculpatory statements of appellant were disclosed when Hay was first examined as a witness. Appellant testified in his own behalf claiming that deceased was trying to cut him with a knife at the time he killed her. On cross-examination he was asked if he did not tell Hay that deceased was trying to cut appellant with a knife which she got out of her stocking. We quote appellant's testimony at this point.

"I started to say that she pulled it (the knife) out of her stocking, but I thought, because she didn't have any stockings on. * * * Q. And you didn't tell him that she pulled the knife out of her stocking? And you know now that she didn't have on any stockings? A. Yes."

In rebuttal the state recalled Hay who testified that appellant did tell witness that deceased was trying to cut him with a knife, which she pulled out of her stocking, and that when the body was dug up it was found that deceased had no stockings on.

The state was not relying upon the confession alone to prove appellant's guilt. Many other facts were in evidence. Appellant was given a complete charge on self-defense predicated on his own testimony. If Hay's evidence on rebuttal can be regarded as furnishing an exculpatory statement, rather than as impeaching or contradicting appellant, the defensive charge given covered the same issue. The following cases are illustrative of the proposition that the refusal of a charge on exculpatory statements does not call for reversal in every instance, even though timely request is made for such instruction: Nichols v. State, 110 Texas Crim. Rep., 432, 10 S. W. (2d) 109; Bradley v. State, 107 Texas Crim. Rep., 435, 295 S. W., 606; Harris v. State, 103 Texas Crim. Rep., 479, 281 S. W., 206; Simpson v. State, 97 Texas Crim. Rep., 57, 263 S. W., 273; Tidwell v. State, 40 Texas Crim. Rep., 38; Pickens v. State, 86 Texas Crim. Rep., 657, 218 S. W., 755; Casey v. State, 54 Texas Crim. Rep., 584.

The motion for rehearing is overruled.

*Overruled.*