GROVER DIXON V. THE STATE.

No. 17455. Delivered April 10, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*J. Mitch Johnson*, of San Saba, and *J. Edward Johnson*, of *Early & Johnson*, of Brownwood, for appellant.

*Henry Taylor*, District Attorney, of Temple, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of one sheep, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The record shows that some time btween the first day of December, 1933, and the first day of February, 1934, Jim Soules lost a sheep. Some time thereafter he found a sheep on the premises of the appellant's father, with whom the appellant, who was a single man, resided. The sheep which Soules found at the Dixon place and which he claimed to be his appeared to be about three years old and was branded a "W" with red paint on each side near the shoulder. This brand

had been covered with black paint and a stripe across its hip. The ears were cut off square. Mr. Soules asked the appellant if it was his sheep, to which he replied that it was, and when the witness asked him where he got it, he said from Mr. Arb Fulton at Lometa. A. J. Fulton testified that he sold some sheep to the appellant in the fall of 1931; that it was his best judgment that it was in 1931 but he could not be positive about the time. It was his impression that the sheep which he sold to appellant were five or six years old. Sam Rahl testified that he was present at the time Mr. Soules made an examination of the sheep. We quote from his testimony: "The question asked the defendant was how old the sheep was and he said it was six or seven years old and Mr. Soules looked in the sheep's mouth and it was three or four years old. I saw Mr. Soules look at the sheep while all the persons were there at the time, and when some one made the statement that the sheep was a three or four year old, then the defendant claimed he got it from Mrs. Casbeer. Mrs Casbeer testified that she sold four ewes to appellant in 1934. The appellant did not testify in his own behalf.

The court in his charge instructed the jury that if they believed from the testimony that appellant purchased the sheep in question from either Mr. Fulton or Mrs. Casbeer, or if they had a reasonable doubt thereof, that they should acquit the appellant and say by their verdict "not guilty," but the appellant contends that in addition to the foregoing charge the court should have instructed the jury on the law of exculpatory statements. We do not agree with the appellant in his contention because the State did not rely for a conviction upon the appellant's confession. In fact, appellant made no confession; he made an explanation when first questioned about his possession of recently stolen property of how he came into possession of the same, and the court in his charge pertinently instructed the jury upon that phase of the case. In the case of Freeney v. State, 59 S. W. (2d) 385, this court, speaking through Judge Hawkins, said: "The following cases are illustrative of the proposition that the refusal of a charge on exculpatory statements does not call for a reversal in every instance, even though timely request was made for such instruction." Citing Nichols v. State, 10 S. W. (2d) 109; Bradley v. State, 295 S. W., 606; Harris v. State, 281 S. W., 206; Simpson v. State, 263 S. W., 273; Pickens v. State, 218 S. W., 755; Casey v. State, 113 S. W., 554. Under the facts in this case we do not believe that the court committed any error in de-

clining to instruct the jury on the law of exculpatory statements.

No error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant strongly insists in his motion for rehearing that this case should be reversed for the failure and refusal of the trial court to charge the jury that the State having introduced in evidence exculpatory statements of appellant, would be bound thereby, and same should be taken as true unless refuted by other evidence in the case. The facts bearing on this contention are set out in our original opinion, but are here restated in somewhat different form. In April or May, 1934, Mr. Soules found in appellant's possession a sheep which had disappeared from Soules' pasture a few months before. Its paint brand had been changed and its ears cut. Appellant was present when the sheep was examined by Soules, who then asked appellant if that was his sheep, to which appellant replied that it was. Asked where he got it, appellant said he got same from Mr. Fulton of Lometa. The age of the sheep was then shown from an examination of its mouth to be three years. Appellant at once changed his statement and said he got it from Mrs. Casbeer. Both Mr. Fulton and Mrs. Casbeer were witnesses and swore that they did not sell appellant the sheep. Appellant did not testify, nor did he introduce any evidence. For various reasons we are not able to agree with appellant. He never did admit or confess that he stole this sheep. He was found in possession of it. When confronted, he made a statement in explanation of his possession, which he presently retracted, and then made a wholly different explanation, neither of said statements being any admission or confession of guilt on his part. All the cases hold that the law applicable is always determined by the facts.

In Jones v. State, 29 Texas App., 20, discussing the propriety of a charge like that contended for by appellant in the case before us, this court said: "We think that, under the facts of this case, the instruction was pertinent, correct in principle, and should have been given. We do not wish to be

understood as holding that, in all cases where the admissions or confessions of a defendant are admitted in evidence against him, it is necessary to give such or a similar instruction to the jury. What we decide is that, in this case, in which the criminating evidence consists almost entirely of defendant's admission that he killed the deceased, the instruction should have been given, in view of the fact that the exculpatory portion of defendant's statements about the homicide were not shown by the State's evidence to be untrue."

In Slade v. State, 29 Texas App., 381, an opinion by the same court a year later, this court held such a charge not necessary, and said: "Now, it is not decided in the Pharr case that, though correct, a charge must always be given when requested, in every case in which the State introduces in evidence the admissions of the accused. This question was not before the court in the Pharr case. Under what circumstances must such a charge be given? This question is answered in Jones v. The State, ante, p. 20. When the State relied for conviction alone upon the admissions and confessions of the accused, and such confessions or admissions contain exculpatory or mitigating matters, such a charge should be given. In this case the State did not rely upon confessions or admissions alone for conviction. These were introduced mainly for the purpose of impeaching the accused, who testified in the case. There was a large mass of evidence adduced by the State in rebuttal of these confessions and admissions."

The case was affirmed. In Trevenio v. State, 48 Texas Crim. Rep., 207, this court, speaking through Judge Davidson, after quoting from the Jones case, supra, said: "It will be noted, as stated, in the case cited, the State relied almost solely on the confessions of accused, which were introduced to the effect that he committed the homicide, but claimed he did so in self-defense. In the case in hand there were no admissions of guilt or confessions. The statements were in the nature of an alibi, and exculpatory entirely."

Proceeding in the opinion, after quoting from the Slade case, supra, the quotation which we have above set out, this court then says: "In such state of case the charge is not required. The Slade case is more in consonance with this case. There is not a criminative fact stated by appellant in his testimony before the grand jury. On the contrary, every word is entirely exculpatory, and a complete denial of his connection with the transaction in any manner whatever."

It appears in the opinion of this court in the Trevenio case

that the trial court gave an affirmative charge presenting the defensive theory embraced in the exculpatory statements made by the accused.

In the recent case of Tyler v. State, 121 Texas Crim. Rep., 27, this court said, in discussing the refusal of a charge such as is here contended for: "We do not consider that this shows reversible error. The State did not rely for conviction alone upon the admission or confession of defendant," and Mr. Branch's Annotated P. C., sec. 73, was quoted as follows: "If the State does not rely for conviction alone upon the admission or confession of defendant, but introduces evidence in rebuttal of the confessions and admission, it is not error to refuse to charge that the State is bound by the whole of an admission or confession containing exculpatory statements," citing McKinney v. State, 48 Texas Crim. Rep., 404; Whorton v. State, 69 Texas Crim. Rep., 1; Loan v. State, 69 Texas Crim. Rep., 221, and others.

In Simpson v. State, 97 Texas Crim. Rep., 63, we said: "Appellant did not take the witness stand and no witness testified for him that he came home the night of the 25th, or that he was seen anywhere on the road. We have here, then, a record not only devoid of proof of the truth of the statement made to Parrish but overwhelmingly showing the falsity of it both by the confession of appellant and the other testimony. The rule in such case seems laid down in Slade v. State, 29 Texas Crim. App., 381, which has been approved in numerous later cases. Trevenio v. State, 48 Texas Crim. Rep., 207; Loan v. State, 69 Texas Crim. Rep., 222; Cook v. State, 71 Texas Crim. Rep., 532; Pickens v. State, 86 Texas Crim. Rep., 660; Casey v. State, 54 Texas Crim. Rep., 587. In Pickens case, supra, the present Presiding Judge of this court referred to the Slade case as laying down the rule that the charge mentioned is not required when there is other criminating evidence beside the confession, and especially is this true when the facts of the case establish the falsity of the statements of the accused referred to and relied upon as exculpatory."

In Harris v. State, 103 Texas Crim. Rep., 481, this court said: "The true rule is that the necessity for such charge is always referable to the facts, and that, when the falsity of such exculpatory part of the confession is shown,—and especially when the defensive theory based on such exculpatory fact or facts in the confession is fully submitted in other parts of the charge, the refusal of a charge similar to the one under discussion would not be reversible error. Tidwell v. State, 40

Texas Crim. Rep., 41; Pickens v. State, 86 Texas Crim. Rep., 660-661."

In Foster v. State, 107 Texas Crim. Rep., 380-381, this court again said: "In some cases it is stated that, when the State does not rely for conviction alone upon the admissions or confessions of the defendant, but introduces evidence in rebuttal of the confession and admissions, it is not error to refuse to charge that the State is bound by such exculpatory statements, and we find Slade v. State, 29 Texas Crim. App., 392; McKinney v. State, 48 Texas Crim. Rep., 404, and other authorities cited. Other cases hold that when the theory embraced in the exculpatory statements is plainly submitted, it is not error to fail to give the charge that the testimony must show the falsity of such statements. Harris v. State, 281 S. W., 206. In the instant case the exculpatory statements were that deceased killed herself. The court gave an affirmative charge telling the jury that, if she did so, or they had a reasonable doubt of the fact, to acquit. See Pickens v. State, 218 S. W., 755. The statements attributed to appellant were self-contradictory and destructive of each other, and appeared to be abundantly disproven by the State's testimony."

In Nichols v. State, 110 Texas Crim. Rep., 438, we again said: "The requirement that there be an instruction to the jury touching the truth or the falsity of the exculpatory statements is not an unfailing one. Jones v. State, 29 Texas Crim. App., 21; Slade v. State, 29 Texas Crim. App., 391; Pickens v. State, 86 Texas Crim. Rep., 657. In cases where the exculpatory statements present a specific defense which comes from no other source, and such defensive theory is submitted to the jury for decision in an appropriate charge, it has been held that an additional charge to the effect that the exculpatory statements must be disproved is not required. Harris v. State, 281 S. W., 206; Bradley v. State, 295 S. W., 606. In the present case, the only defensive theory was that of self-defense, and this arose from the exculpatory declarations in the appellant's confession. The court submitted the issue of self-defense to the jury in the paragraphs of the charge against which we have been able to perceive no just criticism."

There would also seem no reason for a reversal of this case for the refusal of such charge under the mandate of article 666, C. C. P. As above stated, appellant did not take the witness stand, and offered no testimony. The State without dispute or contradiction established the falsity of appellant's statements claimed to be exculpatory. Appellant himself

retracted his statement that he got the sheep from Fulton. Not only did Soules positively identify the sheep as his, but Mrs. Casbeer swore that the sheep she sold appellant were yearling ewes. The sheep in question was three years old. No reason is perceived why the case should be reversed for the refusal of a charge telling the jury that the State is bound by appellant's claim to have bought the sheep from Mrs. Casbeer unless the testimony shows the falsity of such claim,— when the falsity of same is fully established and not traversed.

We do not reverse cases for errors of omission or commission in the charge unless same be in violation of some mandatory statute, or we feel that such action was capable of injury to the rights of the accused,—a situation not here presented.

Appellant also takes the position in his motion that the calling of J. A. Fulton of Lometa and Mrs. Mollie Casbeer and proving by them that they did not sell appellant the sheep in question, does not show the falsity of appellant's claim,—at one time that he bought said sheep from Arb Fulton of Lometa, and later that he bought it from Mrs. Casbeer.

We see no need for any discussion regarding appellant's statement that he bought the sheep from Mr. Fulton, appellant himself having said, in effect, that this claim of his was untrue. As to his claim that he bought the sheep from Mrs. Casbeer, we are of the opinion that the falsity of this was fully shown by the testimony of a Mrs. Casbeer who said that she had recently sold appellant sheep, but not this one. There was no sort of claim upon the trial that appellant bought said sheep from a different Mrs. Casbeer. The matter was fully cared for by the charge, which directed an acquittal if the jury believed the sheep was bought by appellant from any Mrs. Casbeer.

We are still unable to agree with apellant's counsel, who urge in their unusually well-prepared motion, the reversible character of an argument by the State's attorney, in substance, that in the opinion of said attorney making the argument, if appellant's counsel can not see the guilt of the defendant, then they could not find their faces in a looking glass.

We might add that the State can not be compelled or expected to show the falsity of other and subsequent statements by the accused on the same point as involved in his first statement which he admits to be untrue. In the opinion of this writer the rule binding the State to vouch for the truth of the testimony of its witnesses would not and could not mean

that the State guarantees the truthfulness of a statement made by the accused to the State witness and narrated before the jury by the latter.

The motion for rehearing is overruled.

*Overruled.*