**Emma Lee ISBELL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–82–658CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 15, 1984.

Petition for Discretionary Review Refused Oct. 17, 1984.

William Burge, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

This is an appeal from a conviction for murder in which the jury assessed punishment at ten (10) years in the Texas Department of Corrections.

In her first ground of error appellant contends that the trial court erred in refusing to charge the jury on the lesser included offense of criminally negligent homicide. Appellant objected to the court's failure to include the lesser included offense and submitted a requested jury instruction on the issue. We agree.

■ The general rule concerning the required submission of jury charges is that when evidence from any source raises an issue of a lesser included offense, and there is testimony that, if guilty at all, the defendant is only guilty of the lesser included offense, then the charge on the lesser included offense must be submitted to the jury. *Hunter v. State,* 647 S.W.2d 657, 658 (Tex.Crim.App.1983); *Simpkins v. State,* 590 S.W.2d 129, 132 (Tex.Crim.App. 1979). Moreover, a defendant's own testimony is sufficient to raise the issue. *Campbell v. State,* 614 S.W.2d 443, 445 (Tex.Crim.App.1981).

■ The offense of criminally negligent homicide is committed when a person causes the death of an individual by criminal negligence i.e.: when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tex.Penal Code Ann. § 19.07, § 6.-03(d) (Vernon 1974).

In describing the events of January 11, 1982, appellant testified that her husband announced that he was leaving her and wanted a divorce. Appellant related that she went into the bedroom crying and collapsed on the bed. Thereafter, the appellant saw the deceased's revolver on the nightstand, picked it up, and went into the kitchen with the intention of killing herself. Once in the presence of the deceased, the appellant attempted to raise the loaded gun toward her head with her finger on the trigger and stated, "I'm going to kill myself. I can't live without you." The deceased tried to disarm the appellant and in the ensuing struggle two shots were fired. The second shot hit the deceased in the lower left back causing his death.

On cross-examination by the Prosecutor, the appellant testified as follows:

Q: And you didn't pull the trigger?

A: No, I didn't.

Q: Did you pull the trigger the second time?

A: No. Didn't.

Q: You don't know how the trigger got pulled?

A: No, I don't.

Q: Don't know how either one of them got pulled?

A: I didn't pull it enough.

Q: You didn't pull the trigger?

A: No.

---

Q: Did you intentionally pick up the gun?

A: Yes, I did.

Q: You are not saying by some negligence you killed him are you?

A: I don't know.

---

A: I didn't intentionally do that.

Q: But not by some negligence? You are not saying by some negligence you killed him? You are saying you didn't intentionally do it?

A: I'm saying I didn't do it.

Q: You didn't do it or didn't intentionally do it?

A: I didn't do it.

Q: You didn't do it?

A: Yes.

Q: You mean—you are saying you didn't shoot him? Or you didn't intentionally shoot him?

A: I didn't shoot him; and I didn't intentionally shoot him.

Appellant testified that she had never had any instructions in the use of handguns and did not know how a revolver operated. Appellant stated:

Q: C.B. was in law enforcement for 22 years?

A: No. He was in law enforcement for 24 or 25 years.

Q: He never made any indication to you or tried to give you any instructions in the use of handguns?

A: No, he wouldn't.

Q: You knew how handguns worked, I take it?

A: No. I didn't.

Q: you (sic) did not?

A: No.

Q: You didn't know how you pulled the trigger?

A: Oh, yes.

Q: You knew how that worked?

A: I knew that, yes, sir.

After the deceased was shot, appellant telephoned the police and reported that she had shot him. The recorded telephone conversation, in part, was as follows:

DISPATCHER: And he's beating you up?

MRS. ISBELL: No, no, I was going to kill myself and he was trying to keep me from it and the gun went off and oooooh ...

DISPATCHER: You were trying to kill yourself but what?

MRS. ISBELL: I ooooh.

DISPATCHER: He has the gun?

MRS. ISBELL: No, I had the gun and he was trying to get it away, I aaaaaah eeeeeeeaaaah suddenly oohhh and he's on the floor, I don't know ... Oh God, he may be dead ... aaah hurry please ...

---

DISPATCHER: Ok, who shot him?

MRS. ISBELL: Meee, I was he was trying to get the gun away from me while we were fighting over the gun and the gun went off ...

■ In determining whether the testimony of the accused raises the issue of a lesser included offense, the truth of the accused's testimony is not at issue. *Rodriquez v. State*, 544 S.W.2d 382, 383 (Tex. Crim.App.1976). A defendant is entitled to a charge on every issue raised by the evidence regardless of whether the evidence is strong, feeble, impeached, or contradicted. *Warren v. State*, 565 S.W.2d 931, 933–934 (Tex.Crim.App.1979).

■ Appellant's testimony at trial and her statement made to the dispatcher of the Police Department indicated that while she intended to kill herself, she was not aware of the risk her conduct created. *See Schoelman v. State*, 644 S.W.2d 727, 734 (Tex.Crim.App.1983); *Hunter v. State*, 647 S.W.2d at 659; *Campbell v. State*, 614 S.W.2d at 446. Therefore, the trial court erred in failing to charge the jury on the issue.

Appellant's first ground of error is sustained.

Appellant also challenges the sufficiency of the evidence by contending that she was entitled to an aquittal because the state introduced in evidence oral exculpatory statements she made to Mr. Kenneth Curr and failed to rebutt the exculpatory portion beyond a reasonable doubt. Even though the case must be reviewed for a fundamentally defective jury charge, it is necessary to review appellant's contention as this ground of error, if sustained, would bar a retrial. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). We reject appellant's contention because the statement of the accused did not amount to an admission.

■ It is well settled that where the state introduces a statement of the accused admitting to acts that would ordinarily constitute an offense, the state is bound by any exculpatory assertions therein, unless it puts in other evidence to disprove the exculpatory matter. *Simon v. State*, 488 S.W.2d 439, 444 (Tex.Crim.App.1972); *Palafox v. State*, 608 S.W.2d 177, 181 (Tex.Crim.App.1979). Thus, where the accused makes no admission of guilt, and his statement is entirely exculpatory, the rule may not be invoked. *Trevino v. State*, 87 S.W. 1162, 1163 (Tex.Crim.App.1905); *Dixon v. State*, 128 Tex.Cr.R. 584, 83 S.W.2d 328, 330 (1935). The statement of the accused relied upon by the appellant to constitute an admission is as follows:

PROSECUTOR: Did the defendant indicate anything to you when she pointed to the gun?

MR. CURR: No, sir.

PROSECUTOR: Do you recall her saying anything?

MR. CURR: If I recall right, she said something like the gun went off. They were struggling over the gun and the gun went off.

This statement standing alone does not admit an act which would ordinarily constitute the gravamen of an offense. We therefore reject appellant's contention and hold that the evidence was sufficient to sustain the verdict of the jury finding appellant guilty of murder.

Due to our holding on ground of error number one, we need not address appellant's final ground of error, which contends that the trial court erred in overruling appellant's motion to suppress evidence obtained as a result of an illegal search and seizure.

Finding that the trial court erred in failing to submit a charge on criminally negligent homicide, the judgment is ordered reversed and the cause remanded for a new trial.